## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILUMINADA ORTEGA,<br><br>                    Plaintiff,<br>          v.<br><br>CHAMPAGNE ROOM BK, INC d/b/a DRAFT BARN d/b/a END ZONE SPORTS BAR & LOUNGE; BROOKLYN DRAFT AND GRILL INC d/b/a DRAFT BARN d/b/a END ZONE SPORTS BAR & LOUNGE; ELITE HOLDINGS AND MANAGEMENT, INC d/b/a ADRENALINE BAR & LOUNGE d/b/a DRAFT BRN, d/b/a END ZONE SPORTS BAR & LOUNGE; RUBEN YEGHOYAN;<br>YEVGENIY TROFIMCHUK; and DIMITRI YAGUDAEV; *Individually*,<br><br><br>                    Defendants. | 21-cv-01125 (NGG-CLP)<br><br><br>**ANSWER ON BEHALF OF RUBEN YEGHOYAN**<br><br><br><br>**JURY TRIAL DEMANDED** |

Defendant Ruben Yeghoyan, (hereinafter "YEGHOYAN" or "Defendant") by and through his counsel, The Fast Law Firm, P.C. hereby answers the complaint of Plaintiff ILUMINADA ORTEGA and asserts these affirmative defenses.

### PRELIMINARY STATEMENT

1. Denied. Paragraph 1 states conclusions of law to which no responsive pleading is required.

   To the extent a responsive pleading is required, the allegations in Paragraph 1 are denied.

2. Denied.

3. Denied.

4. Denied.

## JURISDICTION AND VENUE

5.      Denied in part; admitted in part. Paragraph 5 contains conclusions of law to which no response is required. Defendant admits, however, that this Court has jurisdiction over the subject matter of this Complaint.

6.      Denied in part; admitted in part. Paragraph 6 contains conclusions of law to which no response is required. Defendant admits, however, that this Court has jurisdiction over the subject matter of this Complaint.

7.      Denied in part; admitted in part. Paragraph 7 contains conclusions of law to which no response is required. Defendant admits, however, that this Court has jurisdiction over supplemental New York State claims and New York City claims.

8.      Denied in part; admitted in part. Paragraph 8 contains conclusions of law to which no response is required. Defendant admits, however, that venue is proper in this Court.

9.      Denied. Paragraph 9 states conclusions of law to which no responsive pleading is required.

## ADMINISTRATIVE PREREQUISITES

10.     Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore they are deemed denied.

11.     Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore they are deemed denied.

12.     Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore they are deemed denied.

**PARTIES**

13.     Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore they are deemed denied.

14.     Denied in part; admitted in part. Defendant admits that Plaintiff's sex is "female." Paragraph 14 contains conclusions of law to which no response is required.

15.     Denied. Paragraph 15 contains conclusions of law to which no response is required.

16.     Admitted.

17.     Denied.

18.     Denied.

19.     Denied as Defendant lacks knowledge about the corporate structure of END ZONE SPORTS BAR & LOUNGE (hereinafter "END ZONE").

20.     Denied. Defendant is without sufficient knowledge regarding Defendant Dimitri's residence.

21.     Denied as Defendant lacks knowledge.

22.     Denied as Defendant lacks knowledge.

23.     Denied as Defendant lacks knowledge.

24.     Denied as Defendant lacks knowledge.

25.     Denied as Defendant lacks knowledge.

26.     Admitted.

27.     Denied in part, admitted in part. Defendant admits to being an officer and agent of the END ZONE. Denied as to the rest as the Defendant lacks knowledge about the corporate structure of END ZONE.

28.     Denied in part; admitted in part. Defendant admits that he was employed in supervisory capacity at END ZONE at one point in time.  Defendant is without sufficient knowledge as to what time period the Plaintiff is referring to.

29.     Admitted.

30.     Denied in part; admitted in part. Defendant denies being the agent of all corporate Defendants. Defendant admits to having supervisory authority over Plaintiff.

## **FACTUAL BACKGROUND**

31.     Denied in part; admitted in part. Plaintiff started her training period in September 2020 at END ZONE. No offer of permanent employment has been extended to Plaintiff.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied as Plaintiff repeatedly expressed interest in a romantic and sexual relationship with Defendant.

37.     Defendant requests that Paragraph 37 be stricken pursuant to Fed. R. Civ. P. 12(f). Defendant's family situation has to legal relevance to the instant case and is redundant and immaterial.

38.     Denied. Defendant requests that reference to his marital status in Paragraph 38 be stricken pursuant to Fed. R. Civ. P. 12(f).

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied in part; admitted in part. Defendant admits to a small gathering at END ZONE, denies all other allegations.

45.     Denied in part; admitted in part. Defendant admits to a small non-work related gathering at END ZONE, denies Plaintiff's characterization of the event as a "party" and all other allegations.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied as Defendant lacks knowledge.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied in part; admitted in part. Defendant admits to terminating Plaintiff's training period due to poor job performance. Defendant denies the Plaintiff's characterization of the termination as "sudden."

68.     Denied in part; admitted in part. Defendant admits to telling Plaintiff that she was terminated because she "forgot a couple of things" in addition to explaining other job-related reasons for her termination. Defendant denies that "[forgetting] a couple of things" was the sole reason given to Plaintiff for her termination.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied. Defendant is without sufficient knowledge as to Plaintiff's feelings, and therefore the allegations in Paragraph 74 are denied. Defendant also specifically denies that any of his actions could have reasonably caused Plaintiff emotional pain, loss of enjoyment of life, other non-pecuniary losses, severe emotional and physical distress.

75.     Denied. Paragraph 75 contains conclusions of law to which no response is required.

76.     Denied.

77.     Denied. Defendant denies Plaintiff's characterization of Defendant's conduct. Rest of Paragraph 77 contains conclusions of law to which no response is required.

78.     Denied. Paragraph 78 contains conclusions of law to which no response is required.

79.     Denied. Paragraph 79 contains conclusions of law to which no response is required.


## FIRST CAUSE OF ACTION

80.     Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein. Denied as to the factual allegations. As rest of Paragraph 80 contains conclusions of law, no response is required.

81.     Denied as to the factual allegations. As rest of Paragraph 81 contains conclusions of law, no response is required.

82.     Denied as to the factual allegations. As rest of Paragraph 82 contains conclusions of law, no response is required.

83.     Denied as to the factual allegations. As rest of Paragraph 83 contains conclusions of law, no response is required.

84.     Denied as to the factual allegations. As rest of Paragraph 84 contains conclusions of law, no response is required.

85.     Denied. Paragraph 85 contains conclusions of law to which no response is required.

## **SECOND CAUSE OF ACTION**

86.     Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

87.     Denied. Paragraph 87 contains conclusions of law to which no response is required.

88.     Denied as to the factual allegations. As rest of Paragraph 88 contains conclusions of law, no response is required.

89.     Denied.

90.     Denied.

91.     Denied as to the factual allegations. As rest of Paragraph 91 contains conclusions of law, no response is required.

## **THIRD CAUSE OF ACTION**

92.     Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

93.     Denied as to the factual allegations. As Paragraph 87 contains conclusions of law. no response is required.

94.     Denied.

95.     Denied.

96.     Denied as to the factual allegations. As rest of Paragraph 96 contains conclusions of law, no response is required.

**FOURTH CAUSE OF ACTION**

97.     Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

98.     Denied.

99.     Denied.

100.    Denied as to the factual allegations. As the rest of Paragraph 100 contains conclusions of law, no response is required.

101.    Denied.

102.    Defendant also specifically denies any and all allegations of retaliatory acts.

**FIFTH CAUSE OF ACTION**

103.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

104.    Denied. Paragraph 104 contains conclusions of law to which no response is required.

105.    Denied.

106.    Paragraph 106 contains conclusions of law to which no response is required.

**SIXTH CAUSE OF ACTION**

107.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

108.    Denied.

109.    Denied.

110.   Denied.

111.   Paragraph 111 contains conclusions of law; therefore, no response is required.

### SEVENTH CAUSE OF ACTION

112.   Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

113.   Denied.

114.   Denied as to the factual allegations regarding Defendants' conduct. Rest of paragraph 114 is denied due to Defendant's lack of knowledge.

115.   Denied as to the factual allegations regarding Defendants' conduct. Rest of Paragraph 115 contains conclusions of law; therefore, no response is required.

116.   Denied as to the factual allegations regarding Defendants' conduct. Denied as to the alleged damages due to lack of Defendant's knowledge.

### INJURY AND DAMAGES

117.   Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein. Denied as to the factual allegations regarding Defendants' conduct. Denied as to the alleged damages due to lack of Defendant's knowledge.

### DEFENSES AND AFFIRMATIVE DEFENSES

118.   By pleading the following defenses, as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to

prove each or any of them. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

119.    Plaintiff has failed to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

120.    Plaintiff has failed to exhaust administrative remedies for some or all of their claims.

## THIRD AFFIRMATIVE DEFENSE

121.    The Court lacks jurisdiction over some or all of Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

122.    Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, consent, settlement and release, or accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

123.    The decisions Plaintiff challenge were based on reasonable business factors other than sex, race, age, nationality or any prohibited discriminatory means.

## SIXTH AFFIRMATIVE DEFENSE

124.    Plaintiff fails to state a prima facie case under any of the claims or causes of action asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions

on the part of Defendants' concerning Plaintiff was wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

125.    Without waiving any defenses, Defendants cannot be found to have violated Plaintiff's rights because it had policies designed to prevent and correct harassment and, upon notice of the alleged sexual assault in Plaintiff's complaint, and Plaintiff never notified Defendants about the alleged conduct.

### EIGHTH AFFIRMATIVE DEFENSE

126.    The Defendants cannot be found liable for the assault alleged in Plaintiff's complaint because it occurred off site of where the alleged "after party" or gathering was scheduled to have occurred and under circumstances over which the Defendants did not exercise substantial control.

### NINTH AFFIRMATIVE DEFENSE

127.    If Plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence the Defendants are not responsible.

### TENTH AFFIRMATIVE DEFENSE

128.    Injury to Plaintiff was not foreseeable as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

129.    The Defendants did not cause harm to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

130.    The Defendants did not engage in any affirmative conduct to place Plaintiff in danger.

## THIRTEENTH AFFIRMATIVE DEFENSE

131.    There was no unreasonable risk, and the Defendants did not intend to expose Plaintiff to an unreasonable risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

132.    Without waiving any defenses, Plaintiff declined to utilize all support and resources made available to her, as was her right and her choice. To the extent utilizing such support and resources would have reduced any damages Plaintiff now seeks in this lawsuit, Defendants are not liable for such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

125.    Defendant denies that Plaintiff is entitled to recover any damages or other relief; in the alternative, upon information and belief, Plaintiff's damage claims are barred in whole or part by reason of their failure to mitigate the alleged damages and/or the doctrine of after-acquired evidence; further, in the alternative, to the extent Plaintiff has mitigated their damages, Defendant is entitled to a credit or set-off.

## SIXTEENTH AFFIRMATIVE DEFENSE

126.    Plaintiff is not entitled to a jury trial of the allegations of their Complaint.


## SEVENTEENTH AFFIRMATIVE DEFENSE

127.    Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.


## COUNTERCLAIMS OF DEFENDANT YEGHOYAN TO PLAINTIFF'S COMPLAINT

Now comes Defendant Ruben Yeghoyan, by and through his counsel, Elena Fast, Esq. and makes the following counterclaim.


## COUNTERCLAIM ONE - DEFAMATION

128.    Plaintiff has made numerous factual statements to other persons, filed as factual statements in the instant Complaint, alleging actions by Defendant.

129.    Among the factual statements alleged by Plaintiff was that Defendant committed a violent sexual assault against her.

130.    Not more than one year prior to the date hereof, Plaintiff's published and stated defamatory and false statements of fact injuring Defendant.

131.    Plaintiff's statements of allegations are patently false.

132.    Plaintiff's statements and assertions are slanderous as a matter of law in that the

statements and assertions were intended to and did cause injury to Defendant's reputation, expose him to public contempt, shame or disgrace, and affect him adversely in his trade or business.

133.    As a direct and proximate result of Plaintiff's conduct, Defendant has suffered damage and injury including, but not limited to, economic, physical and emotional forms.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant Ruben Yeghoyan requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice; that Defendant be awarded compensatory and punitive damages; that Defendant recover his costs and attorneys fees in this action, and for such other relief as may be appropriate.

Respectfully Submitted,

*/s/ Elena Fast*
Elena Fast, Esq.
Counsel for Ruben Yeghoyan
The Fast Law Firm, P.C.
40 Fulton Street, 23 Floor
New York, NY 10038
Phone: (212)729-6082
Email: elena@efastlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2021 I served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via electronic filing with the Court's ECF system for notice to all counsel of record.

*/s/ Elena Fast*
Elena Fast, Esq.
Counsel for Ruben Yeghoyan
The Fast Law Firm, P.C.
40 Fulton Street, 23 Floor
New York, NY 10038
Phone: (212)729-6082
Email: elena@efastlaw.com