# LAW OFFICE OF VICTOR M. FERARU

1225 FRANKLIN AVE.
SUITE 325
GARDEN CITY, NEW YORK 11530
WWW.VICSLAW.COM

(516) 415-2114
FAX: (516) 494-7239
VICTOR@VICSLAW.COM

ADMITTED TO THE NEW YORK BAR

September 5, 2021

Hon. Nicholas G. Garaufis
U.S. District Judge
United States District
Court 225
Cadman Plaza
East Brooklyn, New York 11201

        In re:    *Ortega v. Yeghoyan*, et al.
                     21-cv-01125-NGG-CLP
                     Letter Motion for Premotion Conference
                     Motion to Dismiss Pursuant to Rule 12(b)(6)
                     Motion to Dismiss Claims as Being Duplicative

Dear Hon. Judge Garaufis:

      This office represents Defendant Champagne Room BK, Inc, ("Defendant" and from time to time "Defendant's") in the above-referenced action.

      Pursuant to paragraph 4 of your local rules, this is Defendant's letter motion requesting a premotion conference in anticipation of a Rule 12(b)(6) Motion to Dismiss, a Motion to Dismiss based upon failure to state a claim, and to dismiss duplicative causes of action in the complaint. Additionally, Defendant respectfully requests the time to answer the Complaint in this instant action, be stayed until which time this Court rules on its Motion to Dismiss.

      As this Court well knows, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). A plaintiff must allege facts sufficient to show "more than a sheer possibility that a defendant acted unlawfully," *id.,* and cannot rely on mere "labels or

nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Plaintiff's entire complaint alleges that Champagne Room BK, Inc *doing business as End Zone* employed her—by and through virtue of that employment Defendant is liable to her for the alleged wrong she claims to have suffered while being employed by End Zone. However, End Zone, or DBAs listed in the caption, and body of the complaint, are not remotely connected with Defendant; therefore, all claims as to Defendant must be dismissed.

It is factually impossible that Defendant employed Plaintiff on the set of allegations that Plaintiff pleads, that she was employed by *End Zone*. Champagne Room BK, Inc is *not* End Zone, does not do business as End Zone, End Zone is not a DBA of Champagne Room BK. Nor are the many other DBAs Plaintiff lists in her Complaint, and as such, Defendant must be dismissed from the compliant as being the wrong entity allegedly responsible for the *incredible,* false, and unfounded allegations Plaintiff brings.

While the allegations in the compliant are entirely *plausible*, they are not applicable to Defendant. Further, Plaintiff has had ample time to revise and amend her complaint, yet to date has not. Plaintiff makes incredible salacious allegations; however, she's named the wrong party in the process. Plaintiff is not entitled to use Federal Courts as a tool for what appears to be a fishing expedition. Conceivably, Rule 21, and 15 arguably apply to amending an irregularity; however, this is not an irregularity. Plaintiff misnamed and misidentified Defendant throughout Complaint. This is no mistake, it is misidentification. Therefore, while the Complaint will likely proceed, the Defendant must be dismissed and terminated from this action.

Further, Plaintiff does not list an applicable comparator to herself sufficient to maintain a cognizable Title VII claim against Defendant.

In addition to the above-mentioned, Plaintiff's claims of Title VII violations are duplicative of her claims under the pendant New York State law claims brought in the action. Specifically, Plaintiff relies on the same set of facts to also pursue various violations § 296 of the New York State Executive Law the "New York State Human Rights Law, and § 8-107(1) of the Administrative Code of City of New York in addition to Title VII claims. These causes of action all flow from the same set of facts, have the same set of elements,π and *are not plead in the alternative*. Therefore, the second through seventh claims in the complaint must be dismissed as being duplicative of the first cause of action. *See Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 492 (E.D.N.Y. 2015).

For the above-mentioned reasons, and for further reasons as will be further enumerated in the premotion conference, Defendant must be dismissed from this action, and in the alternative, causes of action 2-7 must be dismissed as being duplicative as against Defendant.

Respectfully Submitted,

LAW OFFICE OF VICTOR M. FERARU

*/s/ Victor M. Feraru*

Victor M. Feraru, Esq.
Attorney for Champagne Room BK, Inc