

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

September 15, 2021

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nicholas G. Garaufis, U.S.D.J.
225 Cadman Plaza, Courtroom 4D South
Brooklyn, NY 11201-1804

   *Re:* **Ortega v. Champagne Room BK, Inc.,** *et al.*
     <u>Case No.: 1:21-cv-1125 (NGG) (CLP)</u>

Dear Judge Garaufis:

  This office represents the Plaintiff Iluminada Ortega (hereinafter the "Plaintiff" or "Ms. Ortega") in the above referenced case. Plaintiff writes to respectfully oppose Defendants' Champagne Room BK, Inc (the "Corporate Defendant") and Ruben Yeghoyan's (the "Individual Defendant") (collectively hereinafter the "Defendants") dual letter motions for a pre-motion conference in anticipation of their misguided motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

  Although the letter motions for a pre-motion conference were granted, with a pre-motion conference currently scheduled to take place on November 2, 2021, Plaintiff nonetheless submits her response as to why Defendants should not be permitted to file their anticipated motions.

  The Corporate Defendant asserts that the complaint alleges it is doing business as End Zone. This is only partially accurate. The complaint alleges that: (i) Champagne Room Bk, Inc., d/b/a Draft Barn d/b/a End Zone Sports Bar & Lounge; (ii) Brooklyn Draft and Grill Inc., d/b/a Draft Barn d/b/a End Zone Sports Bar & Lounge; and (iii) Elite Holdings and Management, Inc., d/b/a Adrenaline d/b/a Draft Barn d/b/a End Zone Sports Bar & Lounge (collectively hereinafter "End Zone"), are a joint or single employer of Plaintiff. <u>See</u> ECF Docket Entry 1 at 1 and at 3 ¶¶ 17-18 ("all three corporate Defendants are one and the same – each is simply an alias for the restaurant and bar, End Zone" and "[t]he corporate Defendants are a joint or single employer of Plaintiff").

  The Corporate Defendant then asserts that the corporate defendants "are not remotely connected" and "therefore, all claims … must be dismissed" because it is "factually impossible that [it] employed Plaintiff on the set of allegations that Plaintiff pleads, that she was employed by End Zone" because it is not End Zone. However, these arguments amount to denials of the allegations in the complaint and are destined for doom on a motion for failure to state a claim.

This is because on a motion pursuant to Rule 12(b)(6), all allegations in the complaint must be accepted as true, and Plaintiff offers factual allegations as to why the corporate defendants are one and the same; namely, and impliedly, that they operate at the same location. See Hong v. JP White Plains, Inc., No. 19-CV-5018 (NSR), 2021 WL 1226566, at *4 (S.D.N.Y. Mar. 31, 2021) ("The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor…").

In that regard, the Corporate Defendant stands no chance. Notably, it concedes that the allegations in the complaint are factually plausible; it merely denies those allegations. Accordingly, the Corporate Defendant must file an answer denying these allegations rather than moving forward with a motion to dismiss.

The Corporate Defendant's second argument takes aim at Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), the state and local analogues to Title VII of the Civil Rights Act of 1964 ("Title VII"). It argues that the NYSHRL and NYCHRL claims must be dismissed as duplicative of the Title VII claims.

In support, the Corporate Defendant cites to Figueroa v. RSquared NY, Inc., 89 F. Supp. 3d 484, 492. However, the Court in Figueroa did not dismiss state and local law discrimination claims as being duplicative of federal claims; the Court there found that Plaintiff's claim of sex discrimination was duplicative of her *quid pro quo* sexual harassment claim because sexual harassment is a form of gender discrimination. In that regard, the Corporate Defendant's argument is not only hopelessly wrong, it is baffling.

Unsurprisingly, the Individual Defendant joins the circus orchestrated by the Corporate Defendant in making a new argument that Plaintiff must identify comparators to state a claim for relief under Title VII or the NYSHRL, and submits the same argument concerning the alleged duplicative nature of Plaintiff's state and local law discrimination claims.[1] With respect to the latter, it is wrong as set forth in the preceding paragraph. As to the former, while a plaintiff *may* raise an inference that her adverse employment action occurred under circumstances giving rise to an inference of discrimination by showing that the employer subjected her to disparate treatment (that is, treated her less favorably than a similarly situated employee outside her protected group),[2] this element may also be satisfied by other means.

---

[1] While the Individual Defendant's motion would be made pursuant to Rule 12(c), that motion would be decided according to the same standard under Rule 12(b)(6). See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); see also Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).

[2] See International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977); Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir.1999) (inference of discrimination arises when individual of one race treated less favorably than those of another race who are similarly situated); Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir.1997) (woman *may* prove inference of discrimination by showing similarly situated man treated differently).

Indeed, "[a]n inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; … or the sequence of events leading to the plaintiff's discharge.'"[3]  Here, the complaint is rife with facts bearing out the circumstances giving rise to an inference of discrimination.  In fact, the pleadings allege in great detail how the Individual Defendant forced himself upon the Plaintiff after getting her drunk and raping her, then firing her after Plaintiff initially began avoiding him and then told him in no uncertain terms that she had no interest in having any kind of relationship with him. See Docket Entry 1 at ¶¶ 47-62.  These facts unequivocally provide the factual circumstances giving rise to an inference of discrimination.  As such, the Individual Defendant's argument has no merit.

To the extent that this Court nonetheless finds that – or the Defendants identify how[4] – Plaintiff's complaint is deficient in any manner, she should be given leave to amend the complaint.  The Second Circuit has stated in this vein that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." See Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir.1999); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires").

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Forest Hills, New York
September 15, 2021

Respectfully submitted,
**SHALOM LAW, PLLC**
/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com
*Attorneys for Plaintiff*

---

[3] See Littlejohn v. City of New York, 795 F.3d 297, 312 (2d Cir. 2015) (quoting Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009)); see also Brown v. Daikin Am. Inc., 756 F.3d 219, 226 (2d Cir. 2014) ("The NYSHRL mirrors these federal obligations").

[4] It should be noted that some courts have required parties seeking to dismiss a complaint to identify how the allegations are deficient in order to allow a Plaintiff to amend the complaint before a motion is made in an effort to conserve judicial resources.  See, e.g., ¶ II(b)(1) of the Individual Practices of United States District Judge Victor Marrero, available at https://www.nysd.uscourts.gov/sites/default/files/practice_documents/VM%20INDIVIDUAL%20PRACTICES%20OF%20USDJ%20VICTOR%20MARRERO.2020_0.pdf. Plaintiff respectfully submits this Court should consider doing the same, especially where the Individual Defendant has "reserve[d] the right to more fully brief" his "rationale;" the Individual Defendant should identify his arguments now instead.