

**SHALOM | LAW**

ATTORNEYS & COUNSELORS · AT · LAW

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** jonathan@shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

October 31, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nicholas G. Garaufis, U.S.D.J.
225 Cadman Plaza, Courtroom 4D South
Brooklyn, NY 11201-1804

> *Re:* **Ortega v. Champagne Room BK, Inc.,** *et al.*
> **Case No.: 1:21-cv-1125 (NGG) (CLP)_____**

Dear Judge Garaufis:

This office represents the Plaintiff Iluminada Ortega (hereinafter the "Plaintiff") in the above referenced case.   Plaintiff writes to respectfully request an extension of time to complete discovery pursuant to ¶ III(E) of this Court's Individual Rules.

Consistent with the Individual Rules, Plaintiff submits that: (i) the original date to complete fact discovery was October 31, 2021; (ii-iii) there have been no previous requests for an extension of time to complete discovery; (iv) the adversaries will not consent to the instant request because a request was made to stay discovery[1] until two (2) weeks after a decision is made on their anticipated motion to dismiss; (v) Plaintiff proposes that the fact discovery deadline be extended to February 28, 2022; and (vi) Plaintiff will work together with the appearing Defendants to provide a proposed Revised Scheduling Order once this Court rules on the instant letter motion. Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Forest Hills, New York
  October 31, 2021

Respectfully submitted,
**SHALOM LAW, PLLC**
*/s/ Jonathan Shalom*
 Jonathan Shalom, Esq.
 10513 Metropolitan Avenue
 Forest Hills, NY 11375-6737
 (718) 971-9474 (office)
 (718) 865-0943 (facsimile)
 jonathan@shalomlawny.com

*Attorneys for Plaintiff*

---

[1] It should be noted that a motion to dismiss does not stay discovery.  <u>See</u> <u>Hollins v. U.S. Tennis Ass'n</u>, 469 F. Supp. 2d 67 (E.D.N.Y. 2006) (Go, U.S.M.J.) (holding that the mere filing of a motion to dismiss does not constitute "good cause" for the issuance of a stay of discovery during the pendency of a motion to dismiss).