UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILUMINADA ORTEGA,<br><br>                      Plaintiff,<br>    v.<br><br>CHAMPAGNE ROOM BK, INC d/b/a DRAFT BARN d/b/a END ZONE SPORTS BAR & LOUNGE; AND RUBEN YEGHOYAN,<br><br>                      Defendants. | 21-cv-01125 (NGG-CLP)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF RUBEN YEGHOYAN**<br><br>**JURY TRIAL DEMANDED** |

Defendant Ruben Yeghoyan, (hereinafter "YEGHOYAN" or "Defendant") by and through his counsel, The Fast Law Firm, P.C. hereby answers the complaint of Plaintiff ILUMINADA ORTEGA and asserts these affirmative defenses.

## PRELIMINARY STATEMENT

1. Denied. Paragraph 1 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 1 are denied.

2. Denied.

3. Denied.

4. Denied.

## JURISDICTION AND VENUE

5. Defendant denies that this Court has jurisdiction over the matter as the Corporate Defendant had less employees than required to be covered under Title VII of the Civil Rights Act of 1974.

6. Defendant denies that this Court has jurisdiction over the matter as the Corporate Defendant had less employees than required to be covered under Title VII of the Civil Rights Act of 1974.

7. Defendant denies that this Court has jurisdiction over the matter as the Corporate Defendant had less employees than required to be covered under Title VII of the Civil Rights Act of 1974.

8. Defendant denies that this Court has jurisdiction over the matter as the Corporate Defendant had less employees than required to be covered under Title VII of the Civil Rights Act of 1974.

9. Denied. Paragraph 9 states conclusions of law to which no responsive pleading is required.

## ADMINISTRATIVE PREREQUISITES

10. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore they are deemed denied.

11. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore they are deemed denied.

12. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore they are deemed denied.

## PARTIES

13. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore they are deemed denied.

14. Denied in part; admitted in part. Defendant admits that Plaintiff's sex is "female." Paragraph 14 contains conclusions of law to which no response is required.

15. Denied. Paragraph 15 contains conclusions of law to which no response is required.

16. Admitted.

17. Denied.

18. Denied.

19. Admitted.

20. Denied in part, admitted in part. Defendant admits to being an officer and agent of the END ZONE. Denied as to the rest as the Defendant lacks knowledge about the corporate structure of END ZONE.

21. Denied in part; admitted in part. Defendant admits that he was employed in supervisory capacity at END ZONE at one point in time. Defendant is without sufficient knowledge as to what time period the Plaintiff is referring to.

22. Admitted.

23. Admitted.

## FACTUAL BACKGROUND

24. Denied in part; admitted in part. Plaintiff started her training period in September 2020 at END ZONE. No offer of permanent employment has been extended to Plaintiff.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied as Plaintiff repeatedly expressed interest in a romantic and sexual relationship with Defendant.

30. Defendant requests that Paragraph 30 be stricken pursuant to Fed. R. Civ. P. 12(f). Defendant's family situation has to legal relevance to the instant case and is redundant and immaterial.

31. Denied. Defendant requests that reference to his marital status in Paragraph 31 be stricken pursuant to Fed. R. Civ. P. 12(f).

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied in part; admitted in part. Defendant admits to a small gathering at END ZONE, denies all other allegations.

40. Denied in part; admitted in part. Defendant admits to a small non-work related gathering at END ZONE, denies Plaintiff's characterization of the event as a "party" and all other allegations.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

4

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied in part; admitted in part. Defendant admits to terminating Plaintiff's training period due to poor job performance. Defendant denies the Plaintiff's characterization of the termination as "sudden."

65. Denied in part; admitted in part. Defendant admits to telling Plaintiff that she was terminated because she "forgot a couple of things" in addition to explaining other job-related reasons for her termination. Defendant denies that "[forgetting] a couple of things" was the sole reason given to Plaintiff for her termination.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied. Defendant is without sufficient knowledge as to Plaintiff's feelings, and therefore the allegations in Paragraph 71 are denied. Defendant also specifically denies that any of his actions could have reasonably caused Plaintiff emotional pain, loss of enjoyment of life, other non-pecuniary losses, severe emotional and physical distress.

72. Denied. Paragraph 72 contains conclusions of law to which no response is required.

73. Denied.

74. Denied. Defendant denies Plaintiff's characterization of Defendant's conduct. Rest of Paragraph 74 contains conclusions of law to which no response is required.

75. Denied. Paragraph 75 contains conclusions of law to which no response is required.

76. Denied. Paragraph 76 contains conclusions of law to which no response is required.

## FIRST CAUSE OF ACTION

77. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein. Denied as to the factual allegations. As rest of Paragraph 77 contains conclusions of law, no response is required.

78. Denied as to the factual allegations. As rest of Paragraph 78 contains conclusions of law, no response is required.

79. Denied as to the factual allegations. As rest of Paragraph 79 contains conclusions of law, no response is required.

80. Denied as to the factual allegations. As rest of Paragraph 80 contains conclusions of law, no response is required.

81. Denied as to the factual allegations. As rest of Paragraph 81 contains conclusions of law, no response is required.

82. Denied. Paragraph 82 contains conclusions of law to which no response is required.

## SECOND CAUSE OF ACTION

83. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

84. Denied. Paragraph 84 contains conclusions of law to which no response is required.

85. Denied as to the factual allegations. As rest of Paragraph 85 contains conclusions of law, no response is required.

86. Denied.

87. Denied.

88. Denied as to the factual allegations. As rest of Paragraph 88 contains conclusions of law, no response is required.

### THIRD CAUSE OF ACTION

89. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

90. Denied as to the factual allegations. As Paragraph 90 contains conclusions of law. no response is required.

91. Denied.

92. Denied.

93. Denied as to the factual allegations. As rest of Paragraph 93 contains conclusions of law, no response is required.

### FOURTH CAUSE OF ACTION

94. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

95. Denied as to the factual allegations. As the rest of Paragraph 95 contains conclusions of law, no response is required.

96. Denied.

97. Denied as to the factual allegations. As the rest of Paragraph 97 contains conclusions of law, no response is required.

98. Denied.

99. Denied.

## FIFTH CAUSE OF ACTION

100. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

101. Denied. Paragraph 101 contains conclusions of law to which no response is required.

102. Denied.

103. Paragraph 103 contains conclusions of law to which no response is required.

## SIXTH CAUSE OF ACTION

104. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

105. Denied as to the factual allegations. As the rest of Paragraph 105 contains conclusions of law, no response is required.

106. Denied.

107. Denied.

108. Paragraph 108 contains conclusions of law; therefore, no response is required.

## SEVENTH CAUSE OF ACTION

109. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

110. Denied.

111. Denied as to the factual allegations regarding Defendants' conduct. Rest of paragraph 111 is denied due to Defendant's lack of knowledge.

112. Denied as to the factual allegations regarding Defendants' conduct. Rest of Paragraph 112 contains conclusions of law; therefore, no response is required.

113. Denied as to the factual allegations regarding Defendants' conduct. Denied as to the alleged damages due to lack of Defendant's knowledge.

## INJURY AND DAMAGES

114. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein. Denied as to the factual allegations regarding Defendants' conduct. Denied as to the alleged damages due to lack of Defendant's knowledge.

## DEFENSES AND AFFIRMATIVE DEFENSES

115. By pleading the following defenses, as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to prove each or any of them. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

116. Plaintiff has failed to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

117. Plaintiff has failed to exhaust administrative remedies for some or all of their claims.

### THIRD AFFIRMATIVE DEFENSE

118. The Court lacks jurisdiction over some or all of Plaintiff's claims.

119. Corporate Defendant did not employ 15 or more employees for each working day in 20 or more weeks during the year 2020.

### FOURTH AFFIRMATIVE DEFENSE

120. Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, consent, settlement and release, or accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

121. The decisions Plaintiff challenge were based on reasonable business factors other than sex, race, age, nationality or any prohibited discriminatory means.

### SIXTH AFFIRMATIVE DEFENSE

122. Plaintiff fails to state a prima facie case under any of the claims or causes of action asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendants' concerning Plaintiff was wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

124. Without waiving any defenses, Defendants cannot be found to have violated Plaintiff's rights because it had policies designed to prevent and correct harassment and, upon notice of the

alleged sexual assault in Plaintiff's complaint, and Plaintiff never notified Defendants about the alleged conduct.

### EIGHTH AFFIRMATIVE DEFENSE

125. The Defendants cannot be found liable for the assault alleged in Plaintiff's complaint because it occurred off site of where the alleged "after party" or gathering was scheduled to have occurred and under circumstances over which the Defendants did not exercise substantial control.

### NINTH AFFIRMATIVE DEFENSE

126. If Plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence the Defendants are not responsible.

### TENTH AFFIRMATIVE DEFENSE

127. Injury to Plaintiff was not foreseeable as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE

128. The Defendants did not cause harm to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

129. The Defendants did not engage in any affirmative conduct to place Plaintiff in danger.

## THIRTEENTH AFFIRMATIVE DEFENSE

130. There was no unreasonable risk, and the Defendants did not intend to expose Plaintiff to an unreasonable risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

131. Without waiving any defenses, Plaintiff declined to utilize all support and resources made available to her, as was her right and her choice. To the extent utilizing such support and resources would have reduced any damages Plaintiff now seeks in this lawsuit, Defendants are not liable for such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

132. Defendant denies that Plaintiff is entitled to recover any damages or other relief; in the alternative, upon information and belief, Plaintiff's damage claims are barred in whole or part by reason of their failure to mitigate the alleged damages and/or the doctrine of after-acquired evidence; further, in the alternative, to the extent Plaintiff has mitigated their damages, Defendant is entitled to a credit or set-off.

## SIXTEENTH AFFIRMATIVE DEFENSE

133. Plaintiff is not entitled to a jury trial of the allegations of their Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

134. Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant Ruben Yeghoyan requests the Court enter judgment in his favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice; that Defendant be awarded compensatory and punitive damages; that Defendant recover his costs and attorneys fees in this action, and for such other relief as may be appropriate.

Respectfully Submitted,

*/s/ Elena Fast*
Elena Fast, Esq.
Counsel for Ruben Yeghoyan
The Fast Law Firm, P.C.
521 Fifth Avenue, 17 Floor
New York, NY 10175
Phone: (212)729-9494
Email: elena@efastlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, I served a true and correct copy of the foregoing Answer to Plaintiff's Complaint via electronic filing with the Court's ECF system for notice to all counsel of record.

*/s/ Elena Fast*
Elena Fast, Esq.
Counsel for Ruben Yeghoyan
The Fast Law Firm, P.C.
521 Fifth Avenue, 17 Floor
New York, NY 10175
Phone: (212)729-9494
Email: elena@efastlaw.com