UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

ILUMINADA ORTEGA,                                                     21-cv-01125 (HG-CLP)
                Plaintiff,

    v.

CHAMPAGNE ROOM BK, INC d/b/a DRAFT
BARN d/b/a END ZONE SPORTS BAR & LOUNGE;
AND RUBEN YEGHOYAN, *Individually.*

---

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR LEAVE
### TO FILE A SECOND AMENDED COMPLAINT

Defendant Yeghoyen respectfully submits this memorandum of law in opposition to Plaintiff Ortega Iluminada's Motion for Leave to File a Second Amended Complaint (the "Motion for Leave to Amend" or "Motion").

### I. BACKGROUND

Ortega has already amended her complaint once as a matter of law (Dkt. 34 and 35). Plaintiff now seeks to add another defendant, namely Sarkis Avoyants, pursuant to Rule 21 of Federal Rules of Civil Procedure. Additionally, Plaintiff seeks to add five additional claims under Rule 15(a). Specifically, Plaintiff seeks leave to assert wage-and-hour claims against Defendants under the Fair Labor Standards Act (hereinafter "FLSA") and New York Labor Law (hereinafter "NYLL"). Although Plaintiff proffers that discovery responses from Defendants identified Mr. Avoyants as an additional defendant, no explanation is provided as to why the Fair Labor Standards Act claims and New York Labor Law claims were not identified sooner. These claims

1

were not included in the original complaint nor in the first amended complaint. Instead, Plaintiff makes a conclusory statement that since leave under Rule 15(a) is freely granted, "Plaintiff's letter motion for leave to amend the complaint must be granted." (Dkt. 47 at 2).

Plaintiff filed the original complaint (Dkt. 1) on March 2, 2021, over 15 months prior to the filing of the instant motion. Plaintiff filed her First Amended Complaint (Dkt. 34 and 35) on November 22, 2021, over six months prior to seeking leave to amend the complaint for the second time. The Fair Labor Standards Act claims and additional New York Labor Law claims were not present in either of the two complaints. In the meantime, on April 4, 2021, the corporate defendant Champagne Room BK, Inc. filed for Chapter 7 bankruptcy in the Eastern District of New York and the bankruptcy was assigned case number 1-22-40705. Victor Feraru, Esq. counsel for Champagne Room BK, Inc. filed notice of the bankruptcy proceeding on the docket of this matter that same day (Dkt. 45).

Plaintiff's proposed second amendment complaint would add five additional causes of action (Dkt. 47-1 at 16 - 18). Plaintiff seeks to now add FLSA Minimum Wage and Overtime Wage Violations (seventh cause of action), NYLL Minimum Wage & Overtime Wage Violations (eighth cause of action), NYLL Failure to Notify (ninth cause of action), NYLL Failure to Keep Records (tenth cause of action), NYLL Failure to Provide Spread of Hours Compensated (eleventh cause of action). Out of the five additional causes of action, only the seventh cause of action, FLSA Minimum Wage and Overtime Wage Violations, will allow Plaintiff to maintain jurisdiction in federal court over Ruben Yeghoyan in his individual capacity. The remaining four causes of action are all claims under New York State Labor Law.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be granted "when justice so requires." Fed. R. Civ. P. 15(a). The decision of whether to grant or deny leave to amend is squarely within the discretion of the district court. Holmes v. City of New York, No. 14 CV 5253-LTS-RLE, 2017 WL 519250, at *2 (S.D.N.Y. Feb. 8, 2017) The district court's discretion in denying leave to amend increases during the later stages of litigation, where the risk of prejudice to the defendant and the likelihood of bad faith on part of the movant are most likely. Moore v. Equitrans, L.P., 27 F.4th 211, 218 (4th Cir. 2022). However, leave to amend may not be granted when the amendment would be futile, or when there is evidence of bad faith or dilatory motive. See Fonian v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet. Corp., 482 F.3d 184, 200 (2d Cir. 2007). The Court may also consider the good faith of the party seeking the amendment. See Billy Baxter, Inc. v. Coca-Cola Co., 47 F.R.D. 345, 346 (S.D.N.Y. 1969), aff'd, 431 F.2d 183, (2d Cir. 1970), cert. denied, 401 U.S. 923, 27 L. Ed. 2d 826, 91 S. Ct. 877, (1971). "If it determines that the amendment was asserted in bad faith, as for example, when Plaintiff attempts to destroy the federal court's removal jurisdiction by altering his complaint . . . the court may not allow the amendment." Wright & Miller, Federal Practice and Procedure, § 1487, at 434-435.

Furthermore, in cases where a scheduling order has been entered, the Second Circuit requires the moving party to show "good cause" for amendment of the pleadings. In re Wireless Telephone Services Antitrust Litigation, 2004 U.S. Dist. LEXIS 19977, No. 02 Civ. 2637 (DLC), 2004 WL 2244502 at *5 (S.D.N.Y. Oct. 6, 2004)(citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)). In situations where a party makes a belated request to amend the complaint, as is the case here, "the movant has the burden of showing some valid reason for his

3

neglect and delay." Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 52 (1st Cir. 1998).

Additionally, where a movant seeks to raise facts or theories in their amendment that they knew or should have known at the time of the original pleadings, courts have denied leave to amend on grounds of undue delay. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990). See Lawes v. Q.B. Constr., No. 12-1473(DRD), 2015 U.S. Dist. LEXIS 196765, at *10 (D.P.R. Feb. 4, 2015)(denying leave to file an amended complaint approximately 24 months from the commencement of the action).

### III.   ARGUMENT

Plaintiff's motion for leave to file a second amended complaint should be denied for two reasons. First, Plaintiff is seeking leave to amend for an improper purpose. That is, to prevent remand of the matter against Mr. Yeghoyan to state court. Second, the Plaintiff has not identified a valid reason or good cause for the amendment of the pleadings.

#### A.  Plaintiff Seeks to Amend Complaint for an Improper Purpose

Federal court has original jurisdiction over this matter solely due to the first cause of action, Discrimination in violation of Title VII. This cause of action applies only to the corporate defendant Champagne Room BK, Inc., and not to Mr. Yeghoyan individually. After the corporate defendant filed for bankruptcy, the claims against Mr. Yeghoyan could be severed and remanded to state court for further proceedings, as there were no federal causes of action against Mr. Yeghoyan individually in the original complaint or in the first amended complaint. Counsel respectfully submits that Plaintiff's motion to amend the complaint is sought solely to retain

federal jurisdiction over Mr. Yeghoyan, which constitutes bad cause. Wright & Miller, <u>Federal Practice and Procedure</u>, § 1487, at 434-435.

### B. Plaintiff Has Not Identified a Valid Reason or "Good Cause" For Amendment of the Pleadings

Additional claims that the Plaintiff seeks to introduce in the second amended complaint are claims that Plaintiff and Plaintiff's counsel have known about prior to every prior iteration of their complaint and chose not to pursue. Plaintiff's request for leave to file a second amended complaint does not contain an affidavit from counsel with first-hand knowledge explaining the reason for a 15-month delay in pursuing FLSA claims. Rather, Plaintiff is electing to rely solely on the statutory language of Rule 15(a)(2) of Federal Rule of Civil Procedure that leave must be freely given where justice so requires. Defendant Yeghoyan respectfully submits that Plaintiff's motion be denied as Plaintiff has not established a valid reason or good cause for the amendment.

### C. Defendant Yeghoyan Will Be Prejudiced if Plaintiff's Request for Leave to File a Second Amended Complaint is Granted.

Defendant Yeghoyan will be unduly prejudiced by the amended complaint, as the claim arises from different conduct than what was set forth in the original pleading and the original complaint did not give the Defendant fair notice of newly alleged claims. <u>See</u> <u>Wilson v. Fairchild Republic Co</u>., 143 F.3d 733, 738 (2d Cir. 1998). If the Court grants the Plaintiff's motion to file a second amended complaint, Defendant Yeghoyan will once again need to incur attorney's fees associated with responding (now for the third time) to the Plaintiff's complaint, Requests for Document Production and Interrogatories.

## IV. CONCLUSION

For the foregoing reasons, Defendant Yeghoyan respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Dated:      New York, New York
            June 10, 2022

s/ Elena Fast
Elena Fast, Esq.
The Fast Law Firm, P.C.
521 Fifth Avenue, 17 Floor
New York, New York 10175
Phone: (212)729-9494
Email: elena@fastlawpc.com
Counsel for Ruben Yeghoyan