UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ILUMINADA ORTEGA, :
: Case No.: 1:21-cv-1125 (NGG) (CLP)
               Plaintiff, :
:
        v. :
:
CHAMPAGNE ROOM BK, INC d/b/a DRAFT :
BARN d/b/a END ZONE SPORTS BAR & :
LOUNGE, and RUBEN YEGHOYAN, :
:
               Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# PLAINTIFF'S MEMORANDUM OF LAW
# IN SUPPORT OF HER MOTION TO AMEND THE PLEADINGS

**SHALOM LAW, PLLC**

Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

In this case, Plaintiff Iluminada Ortega (hereinafter "Ortega" or "Plaintiff") was terminated from her job after being sexually assaulted and raped by Defendant Ruben Yeghoyan ("Yeghoyan"). During the course of these proceedings, Plaintiff learned of the identity of Yeghoyan's business partner – Sarkis Avoyants ("Avoyants") and, in conversations with her counsel concerning this case concerning damages, realized that she was not paid properly under the federal and state wage-and hour laws.

Plaintiff thus seeks to amend her complaint to add Avoyants as a defendant on the grounds that he individually employed her, and to assert claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Defendants can point to no prejudice given the nascent stages of this case, nor bad faith, because she has a good faith explanation for failing to sue Avoyants and pursuing wage-and-hour claims earlier, and any attendant delay is insignificant because Plaintiff can file a new lawsuit under the FLSA and NYLL as she is well within the statute of limitations for any such claims. Indeed, it only serves judicial economy to permit her to amend the pleadings here.

Accordingly, Plaintiff's motion to amend the pleadings must be granted for good cause shown.

## LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") instructs courts to "freely give leave" to amend pleadings "when justice so requires." See Fed. R. Civ. P. 15(a)(2). Rule 16(b)(4) states that a court-ordered schedule "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4).

"[W]hen a scheduling order has been entered which has restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16, under which such an order 'may be modified only for good cause.'" See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 16(b)(4)).

Here, Rule 16(b)(4) does not apply because this court did not set a date after which no amendment of the pleadings will be permitted. See Sacerdote v. New York Univ., 9 F.4th 95, 115 (2d Cir. 2021). Indeed, while the parties submitted a report of Rule 26(f) planning meeting on June 21, 2021, this was not an Order, and the Court's subsequent minute entry and Order set no deadline after which amendment of the pleadings will no longer be permitted. As such, Plaintiff need not establish the existence of good cause, despite the fact it is evident there exists good cause to amend the pleadings under the liberal Rule 15 standard.

Under Rule 15(a)(2), a court must exercise its discretion to grant or deny a motion to amend "consonant with the liberalizing spirit of the Federal Rules." See U.S. *ex rel*. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi., 889 F.2d 1248, 1254 (2d Cir. 1989) (reversing denial of motion to amend). In the absence of "undue delay, bad faith, or undue prejudice to the opposing party," leave to amend should be permitted. See Tokio Marine & Fire Ins. Co. v. Emp'rs Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." See Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc., 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citation omitted).

Further, amendments are generally favored because they "tend to facilitate a proper decision on the merits." See Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks omitted) (quoting Junior Gallery, Ltd. v. Neptune Orient Line, Ltd., No. 94-CIV.-4518, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997)). For this reason, "the rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." See Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017).

The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). If the amendment seeks to add a party, Rule 21, which allows addition of a party ... also comes into play; however, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" See Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (internal citation omitted) (quoting Johnson v. Bryson, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)). "In deciding whether to permit the addition of defendants, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" See Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

Therefore, a motion for leave to amend to add a defendant should be granted absent undue delay, bad faith, futility, or prejudice to the non-moving party. Id.

**FACTS**

In the interest of brevity, Plaintiff respectfully refers this Court to the Declaration of Jonathan Shalom, Esq. for the relevant facts. Plaintiff's proposed amended pleading is already a part of the record in this case. See ECF Docket Entry 47-1.

**ARGUMENT**

**I.     THERE IS NO UNDUE DELAY OR BAD FAITH WARRANTING DENIAL**

The Second Circuit has held that mere delay alone does not permit a district court to deny amendment. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993). Here, Plaintiff sought leave to amend her complaint a year and two months after filing her original complaint on March 2, 2021. See ECF Docket Entries 1 and 47. Thus, even if this period of time can be deemed lengthy, where "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." See Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y.1983) (quotation and internal quotes omitted).

As set forth in the declaration of Jonathan Shalom, Plaintiff only learned that she was not properly paid when discussing her backpay damage calculations for her existing claims with her counsel. Similarly, while Plaintiff was aware that Defendants' business consisted of other business partners, she was unclear as to the exact identity and sought leave to amend to add Avoyants as a defendant in this case upon learning of his identity through the discovery process in this case.

Moreover, Plaintiff's FLSA and NYLL claims are not time-barred such that she is prevented from filing a separate suit if the instant motion is denied. It is thus crucial to note that denial of the instant motion would result in a waste of judicial economy. Indeed, Plaintiff's claims under the FLSA would be timely made if filed at any time between today through November 3, 2024, given that she worked there until November 2021 and alleges that the underpayments were willful.

As a result, a denial of Plaintiff's motion would result in the filing of a completely separate case which would only increase litigation costs and burden the Court.

To that end, Yeghoyan's anticipated complaints regarding subject matter jurisdiction, undue delay, and prior amendments to the complaint are unavailing. Yeghoyan cannot claim any prejudice exists to defending against claims that Plaintiff has a right to bring as doing so in this case or in a newly filed case would be well within the appropriate statute of limitations period and Yeghoyan will be forced to defend a wage and hour action in a separate forum or this one. As such, Yeghoyan's claims of prejudice ring hollow.

Accordingly, there is no undue delay or bad faith warranting denial of this motion.

## II. THE PROPOSED AMENDMENTS ARE NOT FUTILE

A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule (b)(6) ("Rule 12(b)(6)). See Martin v. Dickson, 100 Fed. Appx. 14, 16 (2d Cir.2004). Courts should not dismiss complaints for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, and it should not deny leave to file a proposed amended complaint unless that same rigorous standard is met." See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir.1991) (quotation omitted).

The FLSA generally requires employers to pay "employees a specified minimum wage, and overtime of time and one-half for hours worked in excess of forty hours per week." See Fernandez v. Zoni Language Centers, Inc., 858 F.3d 45, 48 (2d Cir. 2017) (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 533 (2d Cir. 2015) (citing 29 U.S.C. §§ 206–207)). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL).

5

The minimum wage under federal law is $7.25 per hour, and the overtime rate is therefore $10.88 per hour. See 29 U.S.C. § 206(a)(1)(C).

During the time period relevant to Plaintiff's claims, the minimum wage under the New York State Hospitality Industry Wage Order for food service workers of large employers is $15.00 per hour (*i.e.*, $10.00 per hour with a $5.00 tip credit). See 12 NYCRR § 146-1.3(b)(1)(i).

In order to state a claim for overtime wages under the FLSA and the NYLL, a plaintiff must allege "a single workweek in which [he] worked at least 40 hours and also worked *uncompensated* time in excess of 40 hours[.]" See Burke v. New York City Tr. Auth., 758 Fed. Appx. 192, 195 (2d Cir. 2019), cert denied, 140 S.Ct. 852 (2020) (emphasis added) (citing Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013)) (dismissing both the FLSA and NYLL overtime claims for failure to provide length and frequency of alleged unpaid work); see also Gisomme v. HealthEx Corp., 2014 U.S. Dist. LEXIS 67588, at *6 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotations omitted)).

Here, in her proposed amended pleading, Plaintiff easily states a claim for relief under both the FLSA and NYLL, as she alleges that she worked for Defendants from September 2020 through November 2021, routinely worked in excess of forty (40) hours each week without being paid an overtime premium for time worked in excess of forty (40) hours, and was paid the same hourly rate for all hours worked regardless of whether she worked more than forty (40) hours. She provides, as an example, that she earned only $600.00 the first week of November 2020 despite

the fact she worked sixty (60) hours and thus earned only $10.00 per hour for every hour she worked, which resulted in an underpayment under the federal and state wage and hour laws.

Similarly, Plaintiff's bid to add Avoyants is not futile.

An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute. See 29 U.S.C. § 203(d). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. See 29 U.S.C. § 203(g). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts." See Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).

"Employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Id. at 104. The relevant factors as to whether an employment relationship exists under the FLSA include "'whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. at 104-05, quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008). These factors are not exclusive and no one factor is dispositive. Id. at 105;[1] see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (to determine whether a party qualifies as an "employer" under both the FLSA and NYLL's "generous definitions," the relevant inquiry is "whether the alleged employer possessed

---

[1] The same analysis that applies to FLSA claims also applies to claims brought under the NYLL. See Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 9, 2009), citing Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007).

7

the power to control the workers in question … with an eye to the economic reality presented by the facts of each case.").

Here, Plaintiff adequately alleges that Avoyants had the authority to hire, fire, set wages, set schedules, and kept employment records.  As such, at this stage, she has established that Avoyants can be held liable as an individual employer.

Accordingly, Plaintiff's motion for leave to amend is not futile.

### III.     DEFENDANTS SUFFER NO PREJUDICE IF THIS MOTION IS GRANTED

As relevant here, a court may also deny leave to file amended pleadings where the amendments will result in prejudice to the defendants. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); accord Hernandez v. BMNY Contracting Corp., 2019 WL 418498 at *1 (S.D.N.Y. Jan. 17, 2019); see also Cerni v. J.P. Morgan Sec. LLC, 208 F. Supp. 3d 533, 543-44 (S.D.N.Y. 2016). "'[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (quoting Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)). Again, "'[m]ere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).  Here, as explained in the Declaration of Jonathan Shalom, Plaintiff learned about her wage-and-hour claims and the identity of Avoyants in discussions with her counsel.  This case is still in its nascent stages with limited discovery completed.

Thus, no prejudice warrants denial of this motion.

### IV.     THIS CASE SHOULD NOT BE SEVERED AS LEAVE TO AMEND SHOULD BE GRANTED

Because Plaintiff has easily met the Rule 15 standard for leave to amend the complaint, the case should not be severed. To the extent that Defendants argue otherwise in opposition, Plaintiff respectfully reserves the right to address any such arguments in her reply papers.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court grant her leave to amend his complaint.

Dated:   Forest Hills, New York
        September 9, 2022        **SHALOM LAW, PLLC**

        By:  */s/   Jonathan Shalom, Esq.*
        Jonathan Shalom, Esq.
        10513 Metropolitan Avenue
        Forest Hills, NY 11375-6737
        (718) 971-9474 (office)
        jshalom@shalomlawny.com

        *Attorneys for Plaintiff*