UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ILUMINADA ORTEGA,                       :
                                        :
                     Plaintiff,     : Case No.: 1:21-cv-1125 (NGG) (CLP)
                                        :
                  v.            :
                                        :
CHAMPAGNE ROOM BK, INC d/b/a DRAFT      :
BARN d/b/a END ZONE SPORTS BAR &        :
LOUNGE, and RUBEN YEGHOYAN,             :
                                        :
                 Defendants.    :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW**
<u>**IN FURTHER SUPPORT OF HER MOTION TO AMEND THE PLEADINGS**</u>

**SHALOM LAW, PLLC**

Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*Attorneys for Plaintiff*

**PRELIMINARY STATEMENT**

Defendant Ruben Yeghoyan's ("Defendant" or "Yeghoyan") memorandum of law in opposition fails to establish the existence of undue delay, bad faith, or prejudice such that Plaintiff's motion for leave to amend the pleadings should be denied. His papers incorrectly rely on a "good cause" standard that does not apply in this case because there exists no deadline set by the Court by which the parties can no longer amend the pleadings. And his argument that he would be prejudiced by remaining in federal court to file a third answer and proceed to discovery rings hollow as he would be required to do the exact same things in state court. Moreover, even if Plaintiff commences an action in state court pleading a claim under the Fair Labor Standards Act, it is likely that other defendants may nonetheless remove the action to federal court.

Accordingly, because Defendant fails to provide any basis to deny relief (and altogether fails to argue that the amendment would be futile, effectively conceding that Plaintiff has adequately pled her federal wage-and-hour claim), Plaintiff's motion for leave to amend the pleadings must be granted.

**ARGUMENT**

**I.    THERE IS NO UNDUE DELAY OR BAD FAITH WARRANTING DENIAL**

Yeghoyan argues that because no satisfactory explanation was offered for Plaintiff's "inordinate delay," leave to amend must be denied.

However, Plaintiff's delay – if any – is not inordinate, as the parties are still in the throes of discovery with no trial date set in this case. Indeed, courts have allowed amendment despite similar—and even much longer—intervals between a party's discovery of relevant facts and filing of an amended pleading. See, e.g., Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n. 6 (2d Cir. 1987) (collecting cases where leave to amend granted after delays ranging from two

to five years); Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc., No. 12-CIV.-5160, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (allowing amendment after nine months despite movant's knowledge of relevant information at time of initial pleading because party "need not prove that they uncovered new facts or law" to receive leave to amend); Valentini v. Citigroup, Inc., No. 11-CIV.-1355, 2013 WL 4407065, at *7 (S.D.N.Y. Aug. 16, 2013) (finding delay of eighteen months "insufficient ground to warrant denial of [ ] motion to amend" where non-moving party "failed to establish bad faith or undue prejudice"); cf. Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 98 (S.D.N.Y. 2010) (allowing amendment two and one-half years after case began and noting that "even vague or 'thin' reasons [for delay] are sufficient, in the absence of prejudice or bad faith").

Moreover, Plaintiff provided a satisfactory explanation for her prior failure to bring a wage-and-hour claim; namely, that she was unaware that she had any claim until she spoke with her counsel to discuss back pay damage calculations in this case, whereupon she sought leave to amend.

Yeghoyan argues that Plaintiff seeks leave to amend for an improper purpose, i.e., to remain in federal court given that there is basis to maintain subject matter jurisdiction over him on the Title VII claims as there is no individual liability thereunder.  But Plaintiff ignores the fact that, even if this case is dismissed for lack of subject matter jurisdiction, she may still timely bring a new federal case under the Fair Labor Standards Act because the statute of limitations had not yet run on those claims.  Should that occur, it is Plaintiff who would be prejudiced because she would lose out on the ability to relate back for statute-of-limitations purposes on her wage-and-hour claims, whereas – as set forth further below – Yeghoyan cannot establish any prejudice whatsoever.

Contrary to Defendant's argument, Plaintiff's request for leave to amend the pleadings is not tactical. Even if it were denied, she can simply file a new case in federal court asserting the federal wage-and-hour claims. As such, there is no improper purpose.

Yeghoyan next argues that Plaintiff fails to establish good cause for amending the pleadings. This argument is misplaced because good cause is not required to be shown unless a scheduling Order providing a firm deadline to amend the pleadings is set, which in this case, there is none.

## II.   THE PROPOSED AMENDMENTS ARE NOT FUTILE

Yeghoyan fails to address this argument and has thus conceded it. See, e.g., Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) (Bianco, J.) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone"); see also Taylor v. City of N.Y., 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) (Glasser, J.) ("Federal courts may deem a claim abandoned when a party moves … on one ground and the party opposing … fails to address the argument in any way").

As such, this Court should find that the proposed amended pleading is not futile.

## III.   DEFENDANTS SUFFER NO PREJUDICE IF THIS MOTION IS GRANTED

Defendant's only claim to prejudice is having to file another answer and proceed to discovery. But this argument fails because it requires a fatal leap in logic that he would not have to do so if Plaintiff filed a new case in federal court for her wage-and-hour claims, which again would be timely, and would otherwise have to respond to discovery demands. See White Plains Aviation Partners, LLC v. The County of Westchester, No. 21-CIV.-5312 (VB), 2022 WL 5110963, at *4 (S.D.N.Y. Oct. 4, 2022) ("The County argues permitting Million Air to amend and

3

supplement the complaint would prejudice the County because discovery has already begun. The Court disagrees"); Shakespeare V. Live Well Financial, Inc., No. 18-CIV.-7299 (JMA) (AYS), 2022 WL 4642736, at *6 (E.D.N.Y. Sept. 30, 2022) ("Celink indicates that allowing amendment will necessitate discovery on claims unrelated to the claims in the initial complaint. This alleged prejudice does not rise to a level that justifies denying leave to amend. … Therefore, although the amendment may warrant additional discovery, it should not significantly prolong the resolution of the action").

Thus, no purported prejudice warrants denial of this motion.

### IV.   THIS CASE SHOULD NOT BE SEVERED AS LEAVE TO AMEND SHOULD BE GRANTED

Defendant has failed to argue that this case should be severed. As such, it should not be severed.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court grant her leave to amend her complaint.

Dated:   Forest Hills, New York
        October 7, 2022                         **SHALOM LAW, PLLC**

                                          By:   */s/   Jonathan Shalom, Esq.*
                                          Jonathan Shalom, Esq.
                                          10513 Metropolitan Avenue
                                          Forest Hills, NY 11375-6737
                                          (718) 971-9474 (office)
                                          jshalom@shalomlawny.com

                                          *Attorneys for Plaintiff*