May 24, 2023

**Via ECF**
Hon. Hector Gonzalez, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    **Ortega Iluminada v. Ruben Yeghoyan et al**
               21 cv 01125 (HG-CLP)

Dear Judge Gonzalez:

I represent Defendant Ruben Yeghoyan (hereinafter "Defendant Yeghoyan") on the above captioned matter. I write jointly with Victor Feraru, Esq. counsel for Champagne Room Bk, Inc. (hereinafter "Corporate Defendant"), and Defendant Sarkis Avoyants (presently *pro se*) to respectfully request a pre-motion conference for a motion to dismiss pursuant to Your Honor's Individual Rules of Practice.

**Procedural History**

Plaintiff commenced the instant action by filing a summons and a complaint dated March 2, 2021 (ECF No. 1). The March 2, 2021 complaint alleged violations of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and named Champagne Room Bk, Inc D/B/A Draft Barn D/B/A End Zone Sports Bar & Lounge; Brooklyn Draft And Grill Inc D/B/A Draft Barn D/B/A End Zone Sports Bar & Lounge; Elite Holdings And Management, Inc D/B/A Adrenaline Bar & Lounge D/B/A Draft Brn, D/B/A End Zone Sports Bar & Lounge; Ruben Yeghoyan, Yevgeniy Trofimchuk, and Dimitri Yagudaev As Defendants.[1]

On November 2, 2021, counsel for Plaintiff, Defendant Yeghoyan and Corporate Defendant appeared for a Pre-Motion conference before Hon. Judge Nicholas G. Garaufis, U.S.D.J. to address pleading deficiencies in the Plaintiff's March 2, 2021 complaint and the contemplated Defense Motion to Dismiss. On November 3, 2021, Hon. Judge Garaufis issued a scheduling order and ordered the Plaintiff to amend the complaint by November 16, 2021 (ECF No. 31). On November 22, 2021, Plaintiff filed an amended complaint (ECF. No. 34). Later that day, Plaintiff

---

[1] On March 29, 2021 Plaintiff filed a voluntary notice of dismissal with regard to Defendants Yevgeniy Trofimchuk and Dimitri Yagudaev (ECF No. 20).

1

filed another amended complaint (ECF No. 35). Upon information and belief, Plaintiff did this without seeking leave of Court or alerting the Clerk that ECF No. 34 was filed in error.
On May 18, 2022, Plaintiff sought leave of court to file yet another amended complaint (ECF No. 47), ultimately Plaintiff's request was granted (ECF No. 56). On May 3, 2023, Plaintiff filed the instant amended complaint (ECF No. 57), adding Sarkis Avoyants as an additional defendant and also adding additional causes of action for violations of the Fair Labor Standards Act and similar New York state claims.

**Request for a Pre-Motion Conference**

Defendants seek a Pre-Motion Conference regarding a motion for Judgement on the Pleadings pursuant to Fed. R. Civ. P. 12(c). As the Court is certainly aware, filing a motion to dismiss for failure to state a claim filed after the close of pleadings is permitted as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

First, neither of the Plaintiff's Title VII nor NYSHRL gender discrimination claims, provide a suitable comparator. See Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)(Plaintiff must raise inference of discrimination by identifying comparators "similarly situated in all material respects.")

Second, as Plaintiff's causes of action two through seven[2] are duplicitous of the first cause of action as they are based on the same set of facts and are not pleaded in the alternative. Figueroa v. RSquared NY, Inc., 89 F. Supp. 3d 484, 487 (E.D.N.Y. 2015). Specifically, Plaintiff relies on the same set of facts to also pursue various violations § 296 of the New York State Executive Law the "New York State Human Rights Law," and § 8-107(1) of the Administrative Code of City of New York in addition to Title VII claims. These causes of action all flow from the same set of facts, have the same set of elements, and are not pleaded in the alternative.

Third, in order to establish that the Corporate Defendant is subject to Title VII and the Fair Labor Standards Act, Plaintiff must articulate that the Corporate Defendant met certain statutory requirements. Specifically, in order for Title VII to apply, Plaintiff must plead that the employer "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." See 42 U. S. C. §2000e(b). Similarly, in order for the Fair Labor Standards Act to apply, Plaintiff must plead that the Corporate Defendant had either (1) gross revenues equal to or more than $500,000 or (2) was engaged in interstate commerce. See 29 U.S.C. § 203. Neither the number of employees, gross revenues nor factual allegations about involvement in interstate commerce appear in the Plaintiff's Third (or Fourth if ECF No. 34 is counted separately) Complaint.

---

[2] Plaintiff's Complaint lists two causes of action labeled "Seventh Cause of Action" - Defendants are specifically referring to Retaliation in violation of NYCHRL (the first of the two "Seventh" causes of action).

For these reasons, the Defendants jointly request a Pre-Motion Conference for a contemplated Motion to Dismiss.

**Parties' Availability**

I have reached out to Plaintiff's Counsel to ascertain his availability for conference, but have not heard back. Mr. Feraru, Mr. Avoyants (currently *pro se*) and I are available June 19, June 21, June 22, June 27, June 28, June 29, July 5, July 10 - 13 and July 17 - 20, 2023 if it pleases the Court. The Defendants respectfully request a stay of all deadlines pending the Court's decision and outcome of the Pre-Motion Conference.

Thank you for your time and consideration of this request.

Respectfully Submitted,

s/ Elena Fast
Elena Fast, Esq.
The Fast Law Firm, P.C.
521 Fifth Avenue, 17 Floor
New York, NY 10175
Phone: (212)729-9494
Email:elena@fastlawpc.com
Counsel for Ruben Yeghoyan

cc:    All counsel of record via ECF
       Sarkis Avoyants (via email and USPS)

3