

**Phone:** (718) 971-9474 | **Fax:** (718) 865-0943 | **Email:** jshalom@shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

May 30, 2023

<u>**VIA E-MAIL**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Hector Gonzalez, U.S.D.J.
225 Cadman Plaza East, Courtroom 6A South
Brooklyn, NY 11201-1804

      *Re:*    **Ortega v. Champagne Room BK, Inc.,** *et al.*
             **Case No.: 1:21-cv-1125 (HG) (CLP)**

Dear Judge Gonzalez:

      This office represents the Plaintiff in the above-referenced case.  Plaintiff submits this letter response in opposition to Defendants' joint[1] letter motion for a pre-motion conference in anticipation of their motion to dismiss for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").  For the reasons set forth below, their motion must be denied and Plaintiff should be permitted leave to amend her complaint.

      Defendants first argue that Plaintiff's sexual harassment claims fail because they fail to provide a suitable comparator.  Title VII of the Civil Rights Act of 1964 ("Title VII") encompasses both disparate treatment claims and hostile work environment claims, including hostile work environment claims based on sexual harassment. <u>See</u> <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 21 (1993); <u>see also</u> <u>Redd v. New York Div. of Parole</u>, 678 F.3d 166, 175 (2d Cir. 2012). While both kinds of claims constitute sex discrimination, "they are distinct causes of action governed by different analytical standards," and "allegations sufficient to establish one claim ... do not necessarily support an action based on another claim[.]" <u>See</u> <u>Desouza v. Off. of Child. & Fam. Servs.</u>, No. 18-CIV.-2463 (PKC) (SMG), 2019 WL 2477796, at *4 (E.D.N.Y. June 12, 2019).  "For sexual harassment to be actionable, it must be sufficiently severe or pervasive—both subjectively and objectively—to alter the conditions of [the victim's] employment and create an abusive working environment." <u>See</u> <u>Redd</u>, 678 F.3d at 175 (2d Cir. 2012) (internal quotation marks and citations omitted); <u>see also</u> <u>Agosto v. New York City Dep't of Educ.</u>, 982 F.3d 86, 103 (2d Cir. 2020). The plaintiff also "must establish that the hostile or abusive treatment was because of his or her sex." <u>Redd</u>, 678 F.3d at 175 (<u>quoting</u> <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 80 (1998)).

---

[1] Defendants state that Sarkis Avoyants, *pro se*, joins in this motion, as does the corporate Defendant Champagne Room Bk, Inc.; however, Avoyants has not appeared thus far, and the claims against the corporate Defendant are stayed pursuant to 11 U.S.C. § 362.

"[T]he kinds of workplace conduct that may be actionable under Title VII ... include '[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.'" Id. (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986)). "Sexual harassment is gender discrimination, even under Title VII, when there is unwelcome sexual conduct." See Garrigan v. Ruby Tuesday, Inc., No. 14-CIV.-155 (LGS), 2014 WL 2134613, at *5 (S.D.N.Y. May 22, 2014). Therefore, there is no requirement to plead the existence of a comparator for Plaintiff's hostile work environment claim under Title VII.

Moreover, a plaintiff is not required to identify or plead the existence of a comparator to survive a motion to dismiss for a disparate treatment claim. See Doe v. Benjamin Zaremski M.D., P.C., 21 CIV. 3187 (ER), 2022 WL 2966041, at *9 (S.D.N.Y. July 27, 2022) (citing, e.g., Ibrahim v. Fid. Brokerage Servs. LLC, No. 19-CIV.-3821 (VEC), 2020 WL 107104, at *4 (S.D.N.Y. Jan. 9, 2020) ("Even absent the specific identification of a male comparator, th[e] factual allegations adequately support a plausible inference that Plaintiff's supervisors would not have treated a male the same way and that Plaintiff was treated 'less well' because of her gender"); Wilson v. JPMorgan Chase Bank, N.A., No. 20-CIV.-4558 (JMF), 2021 WL 5179914, at *5 (S.D.N.Y. Nov. 8, 2021) ("A discriminatory motive can be shown either by pleading direct evidence of discrimination ... or by pleading facts showing that ... comparators were treated better than [the plaintiff] was"). Moreover, the comparator requirement does not apply at this juncture because those cases pertained to different procedural postures. See Lue v. JPMorgan Chase & Co., No. 16-CIV.-3207 (AJN), 2018 WL 1583295, at *1 (S.D.N.Y. Mar. 27, 2018), aff'd, 768 Fed. Appx. 7 (2d Cir. 2019) (on defendants' motion for summary judgment against causes of action brought under Title VII and 42 U.S.C. § 1981); Beverley v. New York City Health & Hosps. Corp., No. 18-CIV.-8486 (ER), 2020 WL 5750828 (S.D.N.Y. Sep. 25, 2020); Shipkevich v. New York Presbyterian Hosp./Columbia Univ. Med. Ctr., No. 16-CIV.-9630 (RA) (SDA), 2020 WL 6561802 (S.D.N.Y July 22, 2020), report and recommendation adopted sub nom. Shipkevich v. New York & Presbyterian Hosp., No. 16-CIV.-9630 (RA), 2020 WL 5796202 (S.D.N.Y. Sep. 29, 2020).

Defendants cite to Graham v. Long Island R.R. in support of their contention. See 230 F.3d 34 (2d Cir. 2000). There, the employee complained that white employees were treated better than black employees. That case therefore did not involve sexual harassment, as is the case here. It is worthy to note, further, that the Second Circuit reversed the district court's grant of summary judgment in Graham. This case is therefore inapposite. As such, Defendants' contention concerning comparator allegations is meritless and the complaint sufficiently states a claim upon which relief can be granted.

Defendants next argue that Plaintiff's second through seventh causes of action are "duplicitous"[2] of the first. The first cause of action asserted is discrimination under Title VII. See ECF Docket Entry 57 ¶¶ 87-92. The second, third, and fourth causes of action are for discrimination, hostile work environment, and retaliation under the New York State Human Rights Law ("NYSHRL"). Id. at ¶¶ 93-107. The fourth, fifth, and sixth causes of action are for discrimination, hostile work environment, and retaliation under the New York City Human Rights Law ("NYCHRL"). Id. at ¶¶ 109-117.

---

[2] Duplicitous means deceitful; Plaintiff therefore assumes that Defendants mean duplicative.

The remaining causes of action in the complaint concern wage-and-hour violations under federal and state law. Id. at ¶¶ 118-151.

Defendants cite Figueroa v. RSquared NY, Inc. in support of this argument. See 89 F. Supp. 3d 484, 492 (E.D.N.Y. 2015). There, with respect to the plaintiff's claim of sex discrimination, the court found it duplicative of her *quid pro quo* sexual harassment claim, and dismissed the plaintiff's independent claims of sex or gender discrimination. Id. This Court should not do the same here for several reasons. First, as set forth above, a plaintiff is not required to identify or plead the existence of a comparator to survive a motion to dismiss for a disparate treatment claim.[3] Second, the standard under the NYSHRL is no longer the same as that under Title VII since October 2019, as – among other things – the NYSHRL was amended to remove the "severe or pervasive" standard for any claims filed under the NYSHRL after October 11, 2019. See N.Y. Exec. Law § 296(h); see also 2019 N.Y. ALS 160 (amendment applies to claims filed after October 11, 2019); Golston-Green v. City of NY, 184 A.D.3d 24, 2020 NY Slip Op 02768, *7 (2d Dept. 2020) (citing L. 2019, ch 160, §§ 16(b) and (d)). As such, Defendants' second argument fares no better.

Third, Defendants argue that Plaintiff fails to plead that the corporate defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. While Plaintiff concedes this point, she respectfully requests leave to amend, as – upon investigation and inquiry with the Plaintiff who worked there – the corporate defendant did, in fact, employee more than fifteen employees, such that she should be able to amend her pleading to cure this technical defect. See Stoutenger v. City of Fulton, 605 F. Supp. 3d 432, 455 (N.D.N.Y. 2022) (dismissing without prejudice to replead to cure the defects in her pleadings). The same should apply for Defendants' arguments concerning the wage-and-hour claims.

Accordingly, Defendants' letter motion for a pre-motion conference must be denied and Plaintiff be granted leave to replead to avoid unnecessary motion practice.

Dated: Forest Hills, New York
       May 30, 2023                             Respectfully submitted,

                                                **SHALOM LAW, PLLC**
                                                /s/ *Jonathan Shalom*
                                                Jonathan Shalom, Esq.
                                                10513 Metropolitan Avenue
                                                Forest Hills, NY 11375
                                                jonathan@shalomlawny.com
                                                (718) 971-9474 (office)

                                                *Attorneys for Plaintiff*
                                                *Illuminada Ortega*

---

[3] Plaintiff intends her sole claim under Title VII to assert both a disparate treatment claim and a hostile work environment claim.

3