## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

ILUMINADA ORTEGA,

                Plaintiff,

    v.

CHAMPAGNE ROOM BK, INC d/b/a DRAFT BARN d/b/a END ZONE SPORTS BAR & LOUNGE; AND RUBEN YEGHOYAN,


             Defendants.

</td><td>

21-cv-01125 (NGG-CLP)


**ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF RUBEN YEGHOYAN**


**JURY TRIAL DEMANDED**

</td></tr>
</table>

Defendant Ruben Yeghoyan, (hereinafter "YEGHOYAN" or "Defendant") by and through his counsel, The Fast Law Firm, P.C. hereby answers the complaint of Plaintiff ILUMINADA ORTEGA and asserts these affirmative defenses.

### PRELIMINARY STATEMENT

1. Denied. Paragraph 1 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 1 are denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

## JURISDICTION AND VENUE

6.  Defendant denies that this Court has subject matter jurisdiction over the matter as the Corporate Defendant had less employees and less revenues than required to be covered under Title VII of the Civil Rights Act of 1974 and the Fair Labor Standards Act.

7.  Denied. Paragraph 7 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 7 are denied.

8.  Defendant denies that this Court has jurisdiction over the matter as the Corporate Defendant had less employees and less revenues than required to be covered under Title VII of the Civil Rights Act of 1974 and the Fair Labor Standards Act.

9.  Admitted. However, Defendant denies that the Court has subject matter jurisdiction.

10. Denied. Paragraph 10 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 10 are denied.

## ADMINISTRATIVE PREREQUISITES

11.  Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore they are deemed denied.

12. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore they are deemed denied.

13. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore they are deemed denied.

## **PARTIES**

14. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore they are deemed denied.

15. Denied in part; admitted in part. Defendant admits that Plaintiff's sex is "female." Paragraph 15 contains conclusions of law to which no response is required.

16. Denied. Paragraph 16 contains conclusions of law to which no response is required.

17. Denied in part; admitted in part. Plaintiff was hired as an employee of the Corporate Defendant's restaurant, but she never completed the training.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

## FACTUAL BACKGROUND

33. Denied in part; admitted in part. Plaintiff started her training period in September 2020 at END ZONE. No offer of permanent employment has been extended to Plaintiff.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied as Plaintiff repeatedly expressed interest in a romantic and sexual relationship with Defendant.

44. Defendant requests that Paragraph 44 be stricken pursuant to Fed. R. Civ. P. 12(f). Defendant's marital status and family situation has no legal relevance to the instant case and is redundant and immaterial.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied in part; admitted in part. Defendant admits to a small non-work related gathering at END ZONE, denies Plaintiff's characterization of the event as a "party" and all other allegations.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied in part; admitted in part. Defendant admits to terminating Plaintiff's training period due to poor job performance. Defendant denies the Plaintiff's characterization of the termination as "sudden."

79. Denied in part; admitted in part. Defendant admits to telling Plaintiff that she was terminated because she "forgot a couple of things" in addition to explaining other job-related reasons for her termination. Defendant denies that "[forgetting] a couple of things" was the sole reason given to Plaintiff for her termination.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Defendant is without sufficient knowledge as to Plaintiff's feelings, and therefore the allegations in Paragraph 85 are denied. Defendant also specifically denies that any of his actions could have reasonably caused Plaintiff emotional pain, loss of enjoyment of life, other non-pecuniary losses, severe emotional and physical distress.

86. Denied. Paragraph 86 contains conclusions of law to which no response is required.

87. Denied.

88. Defendant denies Plaintiff's characterization of Defendant's conduct. Rest of Paragraph 88 contains conclusions of law to which no response is required.

89. Denied. Paragraph 89 contains conclusions of law to which no response is required.

90. Denied. Paragraph 90 contains conclusions of law to which no response is required.

## FIRST CAUSE OF ACTION

91. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein. Denied as to the factual allegations. As the rest of Paragraph 91 contains conclusions of law, no response is required.

92. Denied as to the factual allegations. As the rest of Paragraph 92 contains conclusions of law, no response is required.

93. Denied as to the factual allegations. As the rest of Paragraph 93 contains conclusions of law, no response is required.

94. Denied as to the factual allegations. As the rest of Paragraph 94 contains conclusions of law, no response is required.

95. Denied as to the factual allegations. As the rest of Paragraph 95 contains conclusions of law, no response is required.

96. Denied as to the factual allegations. As the rest of Paragraph 96 contains conclusions of law, no response is required.

97. Denied as to the factual allegations. As the rest of Paragraph 97 contains conclusions of law, no response is required.

98. Denied. Paragraph 98 contains conclusions of law to which no response is required.

**SECOND CAUSE OF ACTION**

99. Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

100.   Denied. Paragraph 100 contains conclusions of law to which no response is required.

101.   Denied as to the factual allegations. As the rest of Paragraph 101 contains conclusions of law, no response is required.

102.   Denied.

103.   Denied.

**THIRD CAUSE OF ACTION**

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied as to the factual allegations. As the rest of Paragraph 108 contains conclusions of law, no response is required.

**FOURTH CAUSE OF ACTION**

109.   Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

110.   Denied as to the factual allegations. As Paragraph 110 contains conclusions of law. no response is required.

111.   Denied as to the factual allegations. As Paragraph 111 contains conclusions of law. no response is required.

112.    Denied. Paragraph 112 contains conclusions of law to which no response is required.

113.    Denied as to the factual allegations. As the rest of Paragraph 113 contains conclusions of law, no response is required.

114.    Denied.

**FIFTH CAUSE OF ACTION**

115.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

116.    Paragraph 116 contains conclusions of law to which no response is required.

117.    Denied.

118.    Denied.

**SIXTH CAUSE OF ACTION**

119.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

120.    Denied. Paragraph 120 contains conclusions of law to which no response is required.

121.    Denied.

122.    Denied.

123.    Paragraph 123 contains conclusions of law to which no response is required.

**SIXTH CAUSE OF ACTION**

124.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

125.    Denied as to the factual allegations. As the rest of Paragraph 125 contains conclusions of law, no response is required.

126.    Denied.

127.    Denied as to the factual allegations. As the rest of Paragraph 127 contains conclusions
        of law, no response is required.


## SEVENTH CAUSE OF ACTION

128.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set
        forth at length herein.

129.    Denied. Paragraph 129 contains conclusions of law to which no response is required.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied. Paragraph 136 contains conclusions of law to which no response is required.

137.    Denied. Paragraph 137 contains conclusions of law to which no response is required.


## EIGHTH CAUSE OF ACTION

138.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set
        forth at length herein.

139.    Denied. Paragraph 139 contains conclusions of law to which no response is required.

140.    Denied. Paragraph 140 contains conclusions of law to which no response is required.

141.    Denied.

142.  Denied as to the factual allegations regarding Defendants' conduct. Denied as to the alleged damages due to lack of Defendant's knowledge. The rest of Paragraph 142 contains conclusions of law to which no response is required.

## NINTH CAUSE OF ACTION

143.  Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

144.  Denied. Paragraph 144 contains conclusions of law to which no response is required.

145.  Denied. Paragraph 145 contains conclusions of law to which no response is required.

146.  Denied. Paragraph 146 contains conclusions of law to which no response is required.

147.  Denied as to the factual allegations. As the rest of Paragraph 147 contains conclusions of law, no response is required.

## TENTH CAUSE OF ACTION

148.  Defendant incorporates by reference its answers to the preceding Paragraphs as is set forth at length herein.

149.  Denied. Paragraph 149 contains conclusions of law to which no response is required.

150.  Denied.

151.  Denied.

152.  Denied.

153.  Denied as to the factual allegations regarding Defendants' conduct. Denied as to the alleged damages due to lack of Defendant's knowledge. The rest of Paragraph 153 contains conclusions of law to which no response is required.

## ELEVENTH CAUSE OF ACTION

154.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set

forth at length herein.

155.    Denied. Paragraph 155 contains conclusions of law to which no response is required.

156.    Denied.

157.    Denied as to the factual allegations. The rest of Paragraph 157 contains conclusions

of law to which no response is required.

## INJURY AND DAMAGES

158.    Defendant incorporates by reference its answers to the preceding Paragraphs as is set

forth at length herein. Denied as to the factual allegations regarding Defendants' conduct.

Denied as to the alleged damages due to lack of Defendant's knowledge.

159.    Defendant denies that any of his actions could have reasonably caused Plaintiff

emotional pain, loss of enjoyment of life, other non-pecuniary losses, severe emotional

and physical distress.

## DEFENSES AND AFFIRMATIVE DEFENSES

160.    By pleading the following defenses, as provided for pursuant to Rule 8(c) of the

Federal Rules of Civil Procedure, Defendant does not concede that it possesses or

assumes the burden to prove each or any of them. Defendant maintains that Plaintiff

retains the burden of proof on all matters necessary to state and sustain the claims

asserted in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

161.    Plaintiff has failed to state a claim for which relief may be granted.


## SECOND AFFIRMATIVE DEFENSE

162.    Plaintiff has failed to exhaust administrative remedies for some or all of their claims.


## THIRD AFFIRMATIVE DEFENSE

163.    The Court lacks jurisdiction over some or all of Plaintiff's claims.


## FOURTH AFFIRMATIVE DEFENSE

164.    Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, consent, settlement and release, or accord and satisfaction.


## FIFTH AFFIRMATIVE DEFENSE

165.    The decisions Plaintiff challenges were based on reasonable business factors other than sex, race, age, nationality or any prohibited discriminatory means.


## SIXTH AFFIRMATIVE DEFENSE

166.    Plaintiff fails to state a prima facie case under any of the claims or causes of action asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendants' concerning Plaintiff was wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

167.    Without waiving any defenses, Defendants cannot be found to have violated Plaintiff's rights because it had policies designed to prevent and correct harassment and, upon notice of the alleged sexual assault in Plaintiff's complaint, and Plaintiff never notified Defendants about the alleged conduct.

## EIGHTH AFFIRMATIVE DEFENSE

168.    The Defendants cannot be found liable for the assault alleged in Plaintiff's complaint because it occurred off site of where the alleged "after party" or gathering was scheduled to have occurred and under circumstances over which the Defendants did not exercise substantial control.

## NINTH AFFIRMATIVE DEFENSE

169.    If Plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence the Defendants are not responsible.

## TENTH AFFIRMATIVE DEFENSE

170.    Injury to Plaintiff was not foreseeable as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

171.    The Defendants did not cause harm to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

172.  The Defendants did not engage in any affirmative conduct to place Plaintiff in danger.

### THIRTEENTH AFFIRMATIVE DEFENSE

173.  There was no unreasonable risk, and the Defendants did not intend to expose Plaintiff to an unreasonable risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

174.  Without waiving any defenses, Plaintiff declined to utilize all support and resources made available to her, as was her right and her choice. To the extent utilizing such support and resources would have reduced any damages Plaintiff now seeks in this lawsuit, Defendants are not liable for such damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

175.  Defendant denies that Plaintiff is entitled to recover any damages or other relief; in the alternative, upon information and belief, Plaintiff's damage claims are barred in whole or part by reason of their failure to mitigate the alleged damages and/or the doctrine of after-acquired evidence; further, in the alternative, to the extent Plaintiff has mitigated their damages, Defendant is entitled to a credit or set-off.

### SIXTEENTH AFFIRMATIVE DEFENSE

176.  Plaintiff is not entitled to a jury trial of the allegations of their Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

177.    Corporate Defendant is not covered by the Fair Standards Act or Title VII of the Civil

Rights Act of 1964 because the Corporate Defendant at the relevant time period  (1) did

not engage in interstate commerce, (2) did not have annual revenues in excess of

$500,000 and/or  (3) did not employ 15 or more employees for each working day in 20 or

more weeks during the year 2020.

## EIGHTEENTH AFFIRMATIVE DEFENSE

178.    Defendant reserves the right to assert additional defenses, affirmative or otherwise,

upon further investigation and discovery into the matters alleged. Defendant asserts all

applicable statutory limitations with respect to Plaintiff's damage claims

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant Ruben Yeghoyan requests the Court enter judgment in his

favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice; that

Defendant be awarded compensatory and punitive damages; that Defendant recover his costs and

attorneys fees in this action, and for such other relief as may be appropriate.

Respectfully Submitted,

*/s/ Elena Fast*
Elena Fast, Esq.
Counsel for Ruben Yeghoyan
The Fast Law Firm, P.C.
521 Fifth Avenue, 17 Floor
New York, NY 10175
Phone: (212)729-9494
Email: elena@fastlawpc.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 28, 2023, I served a true and correct copy of the foregoing Answer to Plaintiff's Third Amended Complaint via electronic filing with the Court's ECF system for notice to all counsel of record. I further certify that on June 28, 2023, I emailed a copy of the foregoing to pro se Defendant Sarkis Avoyants.

*/s/ Elena Fast*
Elena Fast, Esq.
Counsel for Ruben Yeghoyan
The Fast Law Firm, P.C.
521 Fifth Avenue, 17 Floor
New York, NY 10175
Phone: (212)729-9494
Email: elena@fastlawpc.com