

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** jshalom@shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

August 30, 2023

<u>**VIA E-MAIL**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East
Courtroom 13B South
Brooklyn, NY 11201-1804

>       *Re:*     **Ortega v. Champagne Room BK, Inc.,** *et al.*
>                 **Case No.: 1:21-cv-1125 (NGG) (CLP)**

Dear Judge Pollak:

       This office represents the Plaintiff in the above-referenced case.  Plaintiff submits this letter motion to compel Defendant Ruben Yeghoyan ("Yeghoyan") to submit to a DNA sample and to pay for the cost of comparing his DNA to the used condom Plaintiff Iluminada Ortega ("Plaintiff") has in her possession from the night she was raped by Yeghoyan.  As further set forth below, this Court is empowered to make an Order directing Yeghoyan to do so, and Yeghoyan should bear the cost of the laboratory fees.

       In this case, Plaintiff alleges that Yeghoyan raped her on September 27, 2020.  <u>See</u> ECF Docket Entry <u>62</u> ¶¶ 2 and 67.  Yeghoyan denies having any sexual intercourse with the Plaintiff. <u>See</u> ECF Docket Entry <u>65</u> ¶¶ 2 and 67.  Plaintiff has represented to your undersigned that she is in possession of the condom Yeghoyan used that night.  The DNA sample sought would dispose of a credibility contest as to whether Yeghoyan engaged in sexual intercourse with the Plaintiff and would permit this case to reach a just, speedy, and inexpensive resolution as envisioned by Rule 1 of the Federal Rules of Civil Procedure.  As set forth below, Plaintiff meets the requirements to obtain such an order.

       The Second Circuit has not decided what standards should apply in determining whether to grant a motion to compel DNA testing as part of civil discovery.  <u>See</u> <u>Davis v. City of New York</u>, No. 13-CIV.-6260 (RML), 2019 WL 3252747, at *2 (E.D.N.Y. July 18, 2019).  The only case in this district to contemplate that issue is <u>McGrath v. Nassau Health Care Corp.</u>, 209 F.R.D. 55 (E.D.N.Y. 2002).

       Like this case, <u>McGrath</u> was a sexual harassment case, in which the plaintiff there testified at a deposition that she and the defendant had never had a consensual sexual relationship. <u>See</u> 209 F.R.D. at 57–58.

In order to impeach her testimony, the defendant moved for an order compelling the plaintiff to provide a DNA sample for comparison to DNA found on a blanket, on which he claimed he and the plaintiff had consensual sexual intercourse and which was stained with her blood. Id. The defendant's motion was granted, and the plaintiff was ordered to submit to DNA testing in the form of either a buccal swab or a blood sample. Id. at 65.

McGrath held that a court may order a party to provide a DNA sample in civil discovery for good cause shown, and established a three-pronged test for determining when good cause exists for such an order. 209 F.R.D. at 61–62. In order to compel a DNA sample under the McGrath test, the movant bears the burden of establishing that: (1) the DNA evidence is relevant; (2) there is a reasonable possibility that testing will yield a match; and (3) the privacy rights of the individual being tested will not be unduly affected. Id.; see also Kiniun v. Minn. Life Ins. Co., No. 3:10-CIV.-399, 2012 WL 12899102, at *2 (N.D. Fla. May 11, 2012) (stating the requirements of the McGrath test).

The first prong of the McGrath test requires Plaintiff to establish that the DNA evidence sought is relevant. 209 F.R.D. at 61.  Relevance for the purposes of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also Henry v. Morgan's Hotel Grp., Inc., No. 15-CIV.-1789, 2016 WL 303114, at *3. Relevant evidence "need not be admissible in evidence to be discoverable." See Fed. R. Civ. P. 26(b)(1); see also Forsythe v. Midland Funding LLC, No. 18-CIV.-3276, 2019 WL 245459, at *2 (E.D.N.Y. Jan. 17, 2019). The DNA evidence that Plaintiff requests in this case is clearly relevant because it bears directly on the issue of liability. Thus, this Court should find that Plaintiff has met her burden on the first prong of the McGrath test.

The second prong of the McGrath test requires plaintiff to make a "*prima facie* showing of a reasonable possibility of a match." 209 F.R.D. at 61. To make a *prima facie* showing of a reasonable possibility of a match, plaintiff must show that there is (1) "something to test [defendants'] DNA sample[s] against" and (2) "some factual basis for believing that a match may be made." See id. at 62.

In a case eerily on point, D'Angelo v. Potter, a District of Massachusetts case, the court there found a reasonable possibility of a match where swabs taken from a boiler room tested positive for semen, plaintiff had testified that the defendant had raped her in the boiler room less than a month before the swabs were taken, and no evidence in the record indicated that other persons had used the room for sex during the intervening time. See 224 F.R.D. 300, 303 (D. Mass. 2004).

Here, this Court should find the reasonable probability of a match because there is no way Plaintiff can have in her possession a used condom containing Yeghoyan's semen were her allegations of rape untrue.  See McGrath, 209 F.R.D. at 62 ("defendant has shown not only that there is something to test McGrath's DNA sample against, but also that there is some factual basis for believing that a match may be made").  Indeed, Yeghoyan does not allege as an affirmative defense that Plaintiff welcomed any sexual conduct by Yeghoyan; he simply denies that it occurred.  See ECF Docket Entry 65.

2

The third prong of the <u>McGrath</u> test requires plaintiff to establish that testing would not unduly affect the officers' privacy rights. <u>See</u> 209 F.R.D. at 61. Courts view "privacy" in this context as having two components.  <u>See</u> <u>Davis</u>, 2019 WL 3252747, at *4.

The first has to do with the risk that sensitive personal information could be made public or used for purposes other than the testing that is the subject of this motion. <u>Id.</u> The second has to do with the physical intrusion that the testing represents, and the dignitary harm that results from being ordered to submit to such an intrusion. <u>Id.</u>

Plaintiff is prepared to adequately address any concerns regarding informational privacy by utilizing a lab that could conduct the testing with the following privacy protective measures: (1) anonymous identifiers yielding a "yes" or "no" result, such that the officers' names would never be attached to the samples; (2) destruction of the samples and all testing materials upon written request; and (3) disclosure of the results only to individuals listed as authorized points of contact or upon receiving a court order. In light of these proposed measures, this Court should find that the risk of informational leakage as being very low.  <u>Id.</u>

Moreover, the physical act of taking a DNA sample via buccal swab is minimally invasive. <u>See</u> <u>McGrath</u>, 209 F.R.D. at 61 (finding that a buccal swab represents "only a minimal intrusion") (quoting <u>Hargrave v. Brown</u>, 783 So. 2d 497, 500 (La. Ct. App. 2001)); <u>see</u> <u>also</u> <u>Maryland v. King</u>, 569 U.S. 435, 463–64 (2013) (in the context of a criminal investigation, finding that a buccal swab represents only a "brief" and "minimal" intrusion, which "involves virtually no risk, trauma or pain") (quoting <u>Schmerber v. California</u>, 384 U.S. 757, 771 (1966)).

Because all three prongs of <u>McGrath</u> have been satisfied here, this Court should issue an Order compelling Yeghoyan to submit a DNA sample and to pay for same.

Accordingly, Plaintiff's letter motion to compel Yeghoyan's DNA sample must be granted.

Dated: Forest Hills, New York
      August 30, 2023               Respectfully submitted,

                                          **SHALOM LAW, PLLC**
                                          <u>/s/ *Jonathan Shalom*</u>
                                          Jonathan Shalom, Esq.
                                          10513 Metropolitan Avenue
                                          Forest Hills, NY 11375
                                          jonathan@shalomlawny.com
                                          (718) 971-9474 (office)

                                          *Attorneys for Plaintiff*
                                          *Illuminada Ortega*