

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** jshalom@shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

September 28, 2023

<u>**VIA E-MAIL**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East
Courtroom 13B South
Brooklyn, NY 11201-1804

      *Re:*    **Ortega v. Champagne Room BK, Inc.,** *et al.*
           <u>**Case No.: 1:21-cv-1125 (NGG) (CLP)**</u>

Dear Judge Pollak:

      This office represents the Plaintiff in the above-referenced case. Plaintiff submits this reply letter in further support of her letter motion to compel Defendant Ruben Yeghoyan ("Yeghoyan") to submit to a DNA sample and to pay for the cost of comparing his DNA to the used condom Plaintiff Iluminada Ortega ("Plaintiff") has in her possession from the night she was raped by Yeghoyan. Because Yeghoyan fails to provide any basis to deny the relief requested, this Court should enter an Order directing Yeghoyan to compel a DNA sample via a buccal swab, and direct Yeghoyan to bear the cost of the laboratory fees.

      Rather than address the factors relevant to a motion to compel DNA testing as part of civil discovery,[1] Yeghoyan pivots to "chain of custody" concerns and argues, without any authority, that an exemplar must first be tested by a lab. He otherwise argues that there is no "reasonable possibility that DNA testing will yield a match" because the evidence to be tested purportedly requires a male and female DNA profile and because Plaintiff has allegedly failed to provide any evidence that the used condom "contains the presence of a male DNA source."[2]

---

[1] Those factors are: (1) the DNA evidence is relevant; (2) there is a reasonable possibility that testing will yield a match; and (3) the privacy rights of the individual being tested will not be unduly affected. See <u>McGrath v. Nassau Health Care Corp.</u>, 209 F.R.D. 55 (E.D.N.Y. 2002).

[2] Because Yeghoyan's arguments focus entirely on the second element, this Court should determine that he concedes the first and third elements. <u>See</u>, e.g., <u>Kao v. British Airways, PLC</u>, 2018 U.S. Dist. LEXIS 8969, *5 (S.D.N.Y. Jan. 19, 2018) ("Plaintiffs' failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue"); <u>see</u> <u>also</u> <u>Felske v. Hirschmann</u>, 2012 U.S. Dist. LEXIS 29893 at *3 (S.D.N.Y. Mar. 2, 2012) (granting the "Plaintiff effectively concedes a defendant's arguments by his failure to respond to them").

Each of these arguments is meritless.

First, chain of custody concerns and the related issues Yeghoyan raises are not relevant to this motion.  Yeghoyan can and will be fully able to explore those issues in discovery after being compelled to provide a DNA sample.

Second, and as discussed in Plaintiff's letter motion, the second prong of the McGrath test requires plaintiff to make a "*prima facie* showing of a reasonable possibility of a match" to do so, plaintiff must show that there is (1) "something to test [defendants'] DNA sample[s] against" and (2) "some factual basis for believing that a match may be made." See McGrath, 209 F.R.D. at 62.

Again, this prong is easily satisfied.  The DNA Yeghoyan should be compelled to provide will be tested against the DNA in the used condom, and there is a factual basis for believing that a match may be made because Plaintiff has sworn in her declaration that she was raped by Yeghoyan and kept the used condom from the night he did so.  The sworn declaration and the existence of the used condom is sufficient to establish a factual basis for a belief that a match may be made.

Yeghoyan's arguments in opposition concerning a testable reference sample are nonsensical.  He first argues that a testable reference sample requires a DNA sample of both a male and a female.  While the factual circumstances in McGrath dealt with the existence of two (2) DNA samples, the other cases cited by Plaintiff dealt with the existence of only one (1) DNA sample.  His second argument, that the sample must be compared to something, does not preclude relief, as that is the essence of Plaintiff's motion – to obtain a buccal swab of Yeghoyan to have something to test against the DNA found in the used condom.

His arguments concerning a factual basis for believing a match will be made are equally unavailing.  The "factual plus" factor is easily satisfied according to the very standard Yeghoyan cites: "the presence of biological matter in an unexpected location, combined with testimony linking it to the individuals to be tested, increas[ing] the likelihood that a match would be made beyond the level at which it would have been based merely on the movant's assertions."  Indeed, given Yeghoyan's denials of any sexual intercourse with the Plaintiff, her possession of his used condom from the night she was raped by him on the rooftop at the restaurant where she worked, which he owned, is undeniably an unusual location for the presence of biological matter.  Similarly, Plaintiff's sworn declaration constitutes testimony linking it to Yeghoyan – the individual to be tested.

Because the second prong of McGrath has been satisfied here, and Yeghoyan concedes the first and third prong by failing to address them, this Court should issue an Order compelling Yeghoyan to submit a DNA sample and to pay for same.

Accordingly, Plaintiff's letter motion to compel Yeghoyan's DNA sample must be granted.

Dated: Forest Hills, New York
      September 28, 2023                    Respectfully submitted,

                                              **SHALOM LAW, PLLC**
                                              /s/ *Jonathan Shalom*
                                              Jonathan Shalom, Esq.
                                              10513 Metropolitan Avenue
                                              Forest Hills, NY 11375
                                              jonathan@shalomlawny.com
                                              (718) 971-9474 (office)

                                              *Attorneys for Plaintiff*
                                              *Illuminada Ortega*