UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ILUMINADA ORTEGA,

                Plaintiff,

           v.

CHAMPAGNE ROOM BK, INC d/b/a DRAFT BARN d/b/a END ZONE SPORTS BAR & LOUNGE, RUBEN YEGHOYAN, and SARKIS AVOYANTS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.: 1:21-cv-1125 (NGG) (CLP)

**DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SARKIS AVOYANTS**

      **ILLUMINADA ORTEGA**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

    1.  I am the Plaintiff in this case, and I have personal knowledge of the facts set forth below.

    2.  I submit this affidavit in support of my anticipated motion for entry of default judgment against Defendant Sarkis Avoyants.

    3.  I was employed as a hostess, waitress, and bartender by Champagne Room BK, Inc d/b/a Draft Barn d/b/a End Zone Sports Bar & Lounge (hereinafter the "Corporate Defendant" or "End Zone"), Ruben Yeghoyan (hereinafter "Yeghoyan"), and Sarkis Avoyants (hereinafter "Avoyants") (End Zone, Yeghoyan, and Avoyants collectively hereinafter the "Defendants").

    4.  The Defendants had the power to hire and fire me, control my terms and conditions of employment, and determine the rate and method of my compensation.

    5.  I know that Sarkis Avoyants is not in the military service of the United States of America because I have seen him regularly at End Zone where I worked.

    6.  I worked for Defendants as a nonexempt hourly employee from approximately September 1, 2020, through November 3, 2020, a period of approximately nine (9) weeks.

7. I worked approximately sixty (60) hours per week and was paid $600.00 per week at a rate of $10.00 per hour for all hours worked with no overtime premium for hours worked in excess of forty (40) hours per week as required by law.

8. I received approximately $200.00 in tips per week.

9. I was therefore entitled to $250.00 per week in overtime compensation ($22.50 per hour times 20 hours of overtime less the $200.00 I received at $10.00 per hour for those 20 overtime hours), which I was never paid.

10. Defendants thus have a policy of paying at straight-time rates regardless of the number of hours worked.

11. As a result, I was never paid an overtime premium for hours worked in excess of forty (40) hours per week.

12. I am therefore entitled to damages, under the law, as follows: $250.00 per week times nine (9) weeks equals $2,250.00.

13. Under the FLSA and the NYLL, an employer pays 100% liquidated damages for violations.

14. As such, I am entitled to an additional $2,250.00 in liquidated damages.

15. Moreover, Defendants failed to provide notice of my pay rate; Defendants also failed to provide accurate wage statements to me or otherwise maintain accurate records required under the NYLL. These violations total $8,150.00. See NYLL §§ 195, 198.

16. Defendants never posted any notice or notified me by any other means of my wages.

17. I remain unpaid for overtime wages.

18. Thus, I have incurred at least $12,650.00 in damages.

19. I am also entitled to interest on these damages as set forth by my attorneys.

Document Ref: 8U5UV-U2CWQ-JCM6A-5BVLS    Page 2 of 3

20. Interest has accrued on the unpaid and unlawfully deducted wages owed to Plaintiff at a rate of nine percent (9%) per annum.

21. I have entered into a retainer agreement with my counsel, under the terms of which the firm would be entitled to recover all costs expended pertaining to this matter ("costs") out of funds recovered pursuant to a judgment or settlement agreement, plus 40% of all remaining proceeds of such judgment or settlement agreement.

22. I ask the Court to approve the payment of costs and attorneys' fees to the firm from the proceeds of the default judgment to be entered in accordance with the terms of said retainer agreement.

23. I respectfully submit this declaration in support of my motion for default judgment.

24. For the foregoing reasons, my motion for a default judgment should be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 1, 2025.

*Iluminada Ortega*
**ILUMINADA ORTEGA**

# CERTIFICATE *of* SIGNATURE

**REF. NUMBER**
8U5UV-U2CWQ-JCM6A-5BVLS

**DOCUMENT COMPLETED BY ALL PARTIES ON**
01 MAR 2025 19:11:15 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **ILUMINADA ORTEGA**<br><br>EMAIL<br>LUMI_ORTEGA@HOTMAIL.COM<br><br>SHARED VIA<br>LINK | SENT<br>28 FEB 2025 22:16:16 UTC<br><br>VIEWED<br>01 MAR 2025 19:10:56 UTC<br><br>SIGNED<br>01 MAR 2025 19:11:15 UTC | *Iluminada Ortega*<br><br>IP ADDRESS<br>24.187.17.196<br><br>LOCATION<br>COMMACK, UNITED STATES |

