**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ILUMINADA ORTEGA,

                Plaintiff,

            v.

CHAMPAGNE ROOM BK, INC d/b/a DRAFT
BARN d/b/a END ZONE SPORTS BAR &
LOUNGE, RUBEN YEGHOYAN, and SARKIS
AVOYANTS,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.: 1:21-cv-1125 (HG) (CLP)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION**
**FOR DEFAULT JUDGMENT AGAINST DEFENDANT SARKIS AVOYANTS**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiff*
*Iluminada Ortega*

**PRELIMINARY STATEMENT**

Plaintiff ILUMINADA ORTEGA ("Plaintiff"), by her attorneys SAGE LEGAL LLC, respectfully submits this memorandum of law in support of her motion for default judgment against Defendant Sarkis Avoyants ("Avoyants").

**FACTS**

Plaintiff and her counsel rely on the facts as stated in the declarations of Plaintiff and Emanuel Kataev, Esq. submitted in support of Plaintiff's motion for a default judgment and the docket in this action. Counsel will reference the same in the forthcoming legal argument where necessary and, for the sake of economy, will not recite the aforesaid in whole here.

**ARGUMENT**

**I.    PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT**

It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted).

Avoyants has failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired, and despite appearing in this case before. Thus, the Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment. Upon entry of a default, the court may award damages based upon evidence submitted through affidavits (declarations) and exhibits, or by an evidentiary hearing. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

"While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $12,650.00, plus interest and attorneys' fees.

    a.    <u>Plaintiff is Entitled to Recover Unpaid Overtime Wages</u>

The FLSA provides that non-exempt employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. See 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. See 12 NYCRR § 146-1.4.

The onus is on an employer to maintain records of employees' hours worked and wages paid. See 29 U.S.C. §211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." See Zeng Liu v. Jen Chu Fashion Corp, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004).

In the instant case, Plaintiff worked approximately sixty (60) hours per week and was paid $800.00 per week, with tips, for all hours worked, including those in excess of forty (40) hours a week from September 1, 2020 through November 3, 2020, a period of approximately nine (9) weeks. Plaintiff was therefore entitled to overtime wages at $250.00 per week, for which she was never paid, totaling $2,250.00.

Specifically, Plaintiff's overtime damages are calculated as follows: $22.50 owed per hour times twenty (20) overtime hours per week equals $250.00 underpaid per week times nine (8) weeks equals $2,250.00 in base unpaid overtime wages.

At all times relevant, Avoyants had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of her compensation. As such, he should be held liable as an employer under the FLSA and the NYLL. See, e.g., Coley v. Vannguard Urb. Improvement Ass'n, No. 12-CV-5565, 2018 WL 1513628, at *4 (E.D.N.Y. Mar. 29, 2018) (finding executive director who admitted he "was authorized to hire, fire, discipline, assign employees, set work schedules, determine the rate and method of wage payments, establish classification of employees and maintain employment records" individually liable as employer under FLSA); see also Gibson-Hawley v. USA Mgmt. LLC, No. 17-CV-4346, 2018 WL 4691576, at *7 (E.D.N.Y. Sept. 14, 2018) (finding company owner and director who "controlled employee work schedules, payment method, and employment records" individually liable as employer under FLSA), report and recommendation adopted, 2018 WL 4689000, at *1 (Sept. 28, 2018).

    b.    <u>Plaintiff is entitled to liquidated damages</u>

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. See 29 U.S.C. § 260.

In the present matter, Avoyants has defaulted.

4

Consequently, he cannot meet this burden, and thus an award of liquidated damages is mandatory. His very default is in itself a sign of not only the absence of good faith, but a showing of bad faith and an unfruitful attempt to avoid his responsibilities under the law. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. See 29 U.S.C. § 216(b).

Likewise, under the NYLL, an employee is also entitled to liquidated damages "equal to one hundred percent of the total of such underpayments found to be due," unless the employer proves a good faith basis for believing he or she was in compliance with the law. See NYLL § 663(1). Plaintiff is therefore entitled to liquidated damages in the amount of $2,250.00 for overtime wage violations. See Id.  The total amount due is therefore $4,500.00.

    c.    <u>Plaintiff is entitled to statutory damages for recordkeeping violations</u>

Defendants never provided Plaintiff with wage notices at the start of their employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $8,150.00.

    iv.    <u>Plaintiff is entitled to attorneys' fees and costs</u>

The FLSA and NYLL both contain fee-shifting provisions for actions to recover unpaid wages. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); see also NYLL § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Plaintiff incurred costs and attorneys' fees in pursuing this action and seek an award of reasonable attorneys' fees and costs.

5

The attorneys' fees and costs total $7,800.00, plus a filing fee of $402.00. A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, may be found in the accompanying Declaration of Emanuel Kataev, Esq..

    v.    <u>Plaintiff is entitled to additional damages</u>

Plaintiff is also entitled to an award of prejudgment interest on the minimum and overtime damages at the rate of nine percent (9%) per annum. Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion for a default judgment against Avoyants.

Dated: Jamaica, New York
      April 26, 2025                          Respectfully submitted,

                                                    **SAGE LEGAL LLC**

                                                    _/s/ Emanuel Kataev, Esq._
                                                    Emanuel Kataev, Esq.
                                                    18211 Jamaica Avenue
                                                    Jamaica, NY 11423-2327
                                                    (718) 412-2421 (office)
                                                    (917) 807-7819 (cellular)
                                                    (718) 489-4155 (facsimile)
                                                    emanuel@sagelegal.com

                                                    *Attorneys for Plaintiff*
                                                    *Iluminada Ortega*