UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------- x
ILUMINADA ORTEGA,                  :
                                        :    Case No.: 1:21-cv-1125 (HG) (CLP)
            Plaintiff,           :
                                        :    **DECLARATION IN SUPPORT OF**
     v.                      :    **MOTION FOR DEFAULT**
                                        :    **JUDGMENTAGAINST**
CHAMPAGNE ROOM BK, INC d/b/a DRAFT    :    **DEFENDANT SARKIS AVOYANTS**
BARN d/b/a END ZONE SPORTS BAR &      :
LOUNGE, RUBEN YEGHOYAN, and SARKIS  :
AVOYANTS,                            :
                                        :
            Defendants.         :
---------------------------------- X

**EMANUEL KATAEV, ESQ.**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and before this Court, and am also the managing member of Sage Legal LLC, attorneys of record for Plaintiff Iluminada Ortega (hereinafter "Plaintiff" or "Ortega") in this case.

2. I respectfully submit this affidavit in support of Plaintiff's instant motion for an entry of default judgment against Defendant Sarkis Avoyants (hereinafter "Defendant" or "Avoyants") due to his failure to appear and answer the complaint; I have personal knowledge of the facts set forth below based on my review of the file and conversations with my client.

3. Plaintiff seeks the entry of default judgment against Avoyants on account of his erstwhile failure to file an Answer to Plaintiff's Fourth Amended Complaint, dated November 11, 2024, in which Plaintiff asserted against him causes of action for unpaid overtime wages under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as causes of action under the NYLL for recordkeeping violations and failure to provide spread of hours compensation.

4. On February 10, 2025, Plaintiff caused Avoyants to be sent a hard copy of the Fourth Amended Complaint (ECF Docket Entry 100) and Summons dated February 10, 2024 (ECF Docket Entry 113) via first class mail and proof of mailing is annexed as Exhibit A to Declaration of Emanuel Kataev (ECF Docket Entry 114).

5. Avoyants had twenty-one (21) days from receipt of service to respond, he has not done so, and his time to respond has elapsed.

6. This court has jurisdiction over Avoyants because, at all relevant times, he resided and/or transacted business, and employed Plaintiff within this judicial district.

7. This court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district for the reasons stated in Paragraphs 5 and 6 *supra*.

9. Plaintiff originally filed the complaint in this case against Defendants on March 2, 2021. See ECF Docket Entry 1.

10. On May 3, 2023, following discovery, Plaintiff filed her second amended complaint to, *inter alia*, add Avoyants as a party to this case. See ECF Docket Entry 57.

11. On May 11, 2023, Avoyants was served pursuant to New York Civil Practice Law & Rules ("CPLR") § 308(2). See ECF Docket Entry 59.

12. On June 5, 2023, Plaintiff filed her third amended complaint. See ECF Docket Entry 62.

13. On June 20, 2023, Avoyants was served pursuant to CPLR § 308(2). See ECF Docket Entry 64.

14. On August 20, 2023, Plaintiff requested a certificate of default against Avoyants. See ECF Docket Entry 68.

15. On August 23, 2023, the Clerk of the Court entered a certificate of default against Avoyants. See ECF Docket Entry 69.

16. On August 25, 2023, this Court entered a scheduling Order requiring Plaintiff to attempt to send, as soon as reasonably possible, the August 25, 2023, Order and the Clerk of Court's certificate of default directly to either Avoyants or one of Avoyants' attorneys, employees, or other representatives. See Text Only Order dated August 25, 2023.

17. On August 25, 2023, Plaintiff filed an affidavit of service attesting to the fact that Plaintiff's counsel sent the foregoing documents via email and first class mail to Defendant Sarkis Avoyants at his last known email address and mailing address, respectively. See ECF Docket Entry 70.

18. Your undersigned respectfully submits that predecessor counsel, Jonathan Shalom, Esq. has communicated directly with Avoyants via email,[1] and – as such –your undersigned has personal knowledge that Avoyants has received emails concerning this case.

19. Notwithstanding, Avoyants has not filed any answer to date.

20. Upon entry of a default, the court may award damages based upon evidence submitted through declarations and exhibits, or by an evidentiary hearing. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

21. "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." Id.

22. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" Id. (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993)).

---

[1] Your undersigned was copied on these emails.

3

23. Under Rule 55(b)(2)(B), it is well within the discretion of the Court to decline to hold such a hearing when the plaintiff submits an affidavit attesting, based on "real numbers," to the extent of damages. See Tamarin v. Adam Caterers, Inc., *supra*.

24. As demonstrated in the damage calculations below, and as testified to by Plaintiff in the accompanying declaration, the damages sustained by the Plaintiff can be ascertained and computed.

25. Therefore, no hearing is required as to the extent of such damages.

26. Plaintiff worked for Defendants as a nonexempt hourly employee from approximately September 1, 2020, through November 3, 2020, a period of approximately nine (9) weeks.

27. Plaintiff worked approximately sixty (60) hours per week and was paid $800.00 per week, with tips, for all hours worked, including those in excess of forty (40) hours a week.

28. Plaintiff was therefore entitled to overtime wages at $250.00 per week, for which she was never paid, totaling $2,250.00.

29. Specifically, Plaintiff's overtime damages are calculated as follows: $22.50 owed per hour times twenty (20) overtime hours per week equals $250.00 underpaid per week times nine (9) weeks equals $2,250.00 in base unpaid overtime wages.

30. Defendants thus have a policy of paying at straight-time rates regardless of the number of hours worked.

31. As a result, Plaintiff was never paid an overtime premium for hours worked in excess of forty (40) hours per week.

32. She is therefore entitled to damages, under the law, as set forth above.

33. Under the FLSA and the NYLL, an employer pays 100% liquidated damages for violations; as such, Plaintiff is entitled to $2,250.00 in liquidated damages.

34. Therefore, Plaintiff is owed a total of $4,500.00.

35. Moreover, Defendants failed to provide notice of Plaintiff's pay rate; Defendants also failed to provide accurate wage statements to Plaintiff or otherwise maintain accurate records required under the NYLL.

36. These violations total $8,150.00. See NYLL §§ 195, 198. (Employers required to pay $50.00 for each workday that they fail to provide notice of pay rate as required by NYLL § 195(1) to a maximum of $5000.00 and required to pay $250.00 for each day they fail to provide accurate wage statements as required by NYLL §§ 195(3), 198(1)(d) to a maximum of $5,000.00).

37. Thus, Plaintiff has incurred $12,650.00 in damages.

38. Plaintiff is also entitled to interest on these damages; interest has accrued on the unpaid and deducted wages owed to Plaintiff in the amount of (as of April 26, 2025) $2,648.18.

39. This figure is computed by multiplying 849 (the number of days that has passed between now and the midpoint[2] of the time period during which the unpaid minimum wage and/or overtime was earned) times (0.09, the annual pre-judgment interest rate provided under New York law[3] / 365, the number of days per year) times $12,650.00 (the total amount of damages).

40. Plaintiff entered into an agreement with her counsel, under the terms of which they would be entitled to recover all costs expended pertaining to this case ("costs") out of funds recovered, plus fees for the hours expended at the rates requested.

---

[2] In instances where liabilities on which interest accrues were incurred over an extended period of time, courts have often found it useful to use the midpoint of such time for purposes of calculating the amount of interest accrued. See, e.g., U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34 (2d Cir. 2004).

[3] See New York Civil Practice Law & Rules ("CPLR") § 5004. The state law rate of interest governs for judgment on all claims arising under state law (even if such judgment is obtained in federal court). See, e.g., Pereira v. Marshall & Sterling, Inc (In re Payroll Express Corp), 2005 Bankr. LEXIS 3147, *6-7 (Bankr. S.D.N.Y. July 28, 2005).

5

41. Plaintiff, through her counsel, asks the Court to approve the payment of costs and attorneys' fees of $7,800.00 to the firm from the proceeds of the default judgment to be entered in accordance with the terms of said retainer agreement. See ECF Docket Entry 103-1 (establishing $5,010.00 in fees since May 4, 2023) and 103-2 (establishing $2,790.00 in fees).

42. For the foregoing reasons, Plaintiff's motion for a default judgment should be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 26, 2025.

                                                               /s/ Emanuel Kataev, Esq.
                                                               **EMANUEL KATAEV, ESQ.**