UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ILUMINADA ORTEGA,                            :
                                             :
               Plaintiff,          :   Case No.: 1:21-cv-1125 (HG) (CLP)
                                             :
               v.                  :
                                             :
CHAMPAGNE ROOM BK, INC d/b/a DRAFT           :
BARN d/b/a END ZONE SPORTS BAR &             :
LOUNGE, RUBEN YEGHOYAN, and SARKIS           :
AVOYANTS,                                    :
                                             :
               Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO SET ASIDE THE HON. CHERYL M. POLLAK, U.S.M.J'S DECEMBER 29, 2025 REPORT & <u>RECOMMENDATION</u>

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiff*
*Iluminada Ortega*

## PRELIMINARY STATEMENT

Plaintiff ILUMINADA ORTEGA ("Plaintiff"), by her attorneys SAGE LEGAL LLC, respectfully submits this memorandum of law in support of her objections to the Hon. Cheryl M. Pollak, U.S.M.J.'s ("Judge Pollak") December 29, 2025 Report & Recommendation (the "R&R").

For the reasons set forth below, the R&R should be modified to X.

## FACTS RELEVANT TO R&R WITH PLAINTIFF'S RESPONSES THERETO

Judge Pollak found in the R&R that it appears Plaintiff is seeking damages from Defendant Sarkis Avoyants ("Avoyants") for the discrimination, hostile work environment, and retaliation claims in the Fourth Amended Complaint. Plaintiff confirms this is accurate.

Judge Pollak also found in the R&R that it also appears as if Plaintiff is not pursuing her claims against Avoyants for minimum wage violations under the NYLL (Eighth Cause of Action), spread-of-hours violations (Eleventh Cause of Action), or damages under NYCRR § 146-2.1 for failure to keep records. Plaintiff similarly confirms this is accurate.

Judge Pollak likewise found that Plaintiff does not seek minimum wage damages, presumably due to the difficulty of calculating what portion of her minimum wages would have been made up for through tips, given the lack of records, which defendants were required to keep. Plaintiff also confirms this is accurate.

Judge Pollak found that Plaintiff's predecessor counsel communicated directly with Avoyants by email and yet has not filed an answer. Plaintiff confirms this is true, but adds that Avoyants also once appeared at a June 9, 2023 status conference before Judge Pollak. See electronic scheduling Order dated May 31, 2023 and text only modified minute entry dated June 12, 2023.

Judge Pollak found that Plaintiff does not seek minimum wage damages. This is correct.

2

Judge Pollak found that Plaintiff is entitled to overtime wages in the base amount of $2,250.00. Plaintiff agrees.

Judge Pollak similarly found that Plaintiff is entitled to liquidated damages as to the foregoing overtime wages, not for damages under the Wage Theft Prevention Act ("WTPA"). Plaintiff agrees.

Judge Pollak found that Plaintiff worked forty-six (46) days between September 1, 2020 and November 3, 2020. See R&R, ECF Docket Entry 130 at 26. However, there are sixty-three (63) days in that time period.[1] See Date Calculator. As set forth below, this amounts to $3,150.00 in damages for failure to provide notice of pay rate and $5,000.00 in damages for failure to provide accurate wage statements, totaling $8,150.00. Judge Pollak recommended that statutory damages under the WTPA be denied without prejudice to renew once Plaintiff submits information explaining how Plaintiff arrived at the $8,150.00 figure. Having done so, as set forth below, this Court should modify the recommended disposition to permit an award of $8,150.00 in damages under the WTPA.

Judge Pollak also found that Plaintiff incorrectly calculated pre-judgment interest on numerous grounds. Each is addressed herein *seriatim*.

First, Judge Pollak held that pre-judgment interest is not available on liquidated damages nor for amounts awarded as statutory damages under the WTPA. Plaintiff agrees.

---

[1] While the complaint does not state how many workdays Plaintiff worked per week, nor how many workdays Defendants were open per week, given Plaintiff's well-pled allegation that she worked sixty (60) hours per week, which amounts to eight-and-a-half hours per day, this Court may draw the reasonable inference that Plaintiff worked every day between September 1, 2020 and November 3, 2020. Moreover, the R&R does not specify how it arrived at the forty-six (46) day figure, and even assuming Judge Pollak calculated the number of days on a six (6) day workweek, that totals fifty-four (54) workdays, i.e., six (6) days a week times nine (9) weeks of work.

Second, Judge Pollak held that Plaintiff's counsel used the incorrect midpoint date for purposes of calculating prejudgment interest.

As a result, Judge Pollak recommended that Plaintiff's request for prejudgment interest be denied without prejudice to renew by explaining the use of the suggested midpoint date and applying the interest rate to only Plaintiff's overtime damages of $2,250.00.

Plaintiff respectfully submits, with the foregoing in mind, the proposed renewed calculation of prejudgment interest as follows: multiplying 1,667 (the number of days that has passed between October 3, 2020 April 26, 2025, see R&R, ECF Docket Entry 130 at 29) times (0.09, the annual pre-judgment interest rate provided under New York law / 365, the number of days per year) times $2,250.00 (the total amount of damages), and arrives at $924.84.

Finally, Judge Pollak recommended that no attorneys' fees be award.

For the reasons set fort below, upon *de novo* review, this Court should modify the R&R to: (i) award WTPA damages in the amount of $8,150.00; (ii) award pre-judgment interest in the amount of $924.84; and (iii) attorneys' fees in the amount of $18,990.00.

## ARGUMENT

**I.    LEGAL STANDARD**

The December 29, 2025 Report and Recommendation ("R&R") is a dispositive order. See Harper v. Gov't Emps. Ins. Co., 2011 WL 4963770, at *1 (E.D.N.Y. Oct. 18, 2011). Accordingly, the Court should apply the *de novo* standard in its review. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); see also Fed. R. Civ. P. 72(b) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to").

As per the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), the "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See Fed. R. Civ. P. 72(b)(3).

## II.     PLAINTIFF IS ENTITLED TO WTPA DAMAGES

Judge Pollak sought clarity as to how the Plaintiff calculated her damages under the WTPA. Plaintiff clarifies herein that the amount was calculated by multiplying sixty-three (63) workdays times $50.00 per workday to arrive at $3,150.00 for failure to provide notice of pay rate, plus $5,000.00 as maximum available damages for failure to provide accurate paystubs, as sixty-three (63) workdays times $250.00 far exceeds the cap of $5,000.00 at $15,750.00.

As a result, in light of this clarifying calculation, Plaintiff respectfully submits that this Court modify the R&R to award Plaintiff $8,150.00 in WTPA damages. See, e.g., Ansoralli v. CVS Pharm., Inc., No. 16-CIV.-1506 (CBA) (RER), 2017 WL 8676437, at *2 (E.D.N.Y. July 25, 2017) (modifying report & recommendation based on findings).

## III.    PLAINTIFF SHOULD RECEIVE PREJUDGMENT INTEREST

Judge Pollak correctly noted that Plaintiff's original mid-point calculation date was wrong and that Plaintiff included damages for claims which are not properly included in awards of prejudgment interest. Judge Pollak thus denied Plaintiff's request for prejudgment interest "without prejudice to renew explaining the use of the suggested midpoint date and applying the interest rate to only plaintiff's overtime damages of $2,250.00." See R&R, ECF Docket Entry 130 at 30.

Having done so, Plaintiff respectfully seeks an award of prejudgment interest in the amount of $924.84. See, e.g., Ansorelli.

### IV. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES

Finally, Judge Pollak denied Plaintiff's request for attorneys' fees because Plaintiff sought a contingency percentage rather than the lodestar amount she would have been entitled to based on her counsel's billing records.  Annexed hereto is a declaration from Plaintiff's counsel explaining the questions raised by Judge Pollak concerning the billing records, the costs expended (to the extent your undersigned was able to ascertain same), as well as information regarding the background and experience of the lawyers and/or support staff for which fees are sought.

In light of this additional information, Plaintiff respectfully seeks the lodestar amount of $18,990.00 set forth in the billing records submitted by both her counsel.  Indeed, as set forth in the R&R, Plaintiff is entitled to the lodestar of her counsel's billing records so long as the hourly rate and the amount of time set forth in the billing records are reasonable.  Accordingly, this Court should award Plaintiff attorneys' fees in the amount of $18,990.00.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court modify the R&R to: (i) award WTPA damages in the amount of $8,150.00; (ii) award pre-judgment interest in the amount of $924.84; and (iii) attorneys' fees in the amount of $18,990.00.

Dated: Jamaica, New York
January 14, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
 /s/ *Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.com

*Attorneys for Plaintiff
Iluminada Ortega*