**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ILUMINADA ORTEGA,                          :

                                           :    Case No.: 1:21-cv-1125 (HG) (PCG)

                  Plaintiff,              :

                                           :

              v.                       :

                                           :

CHAMPAGNE ROOM BK, INC d/b/a DRAFT         :
BARN d/b/a END ZONE SPORTS BAR &           :
LOUNGE, RUBEN YEGHOYAN, and SARKIS         :
AVOYANTS,                                  :

                                           :

              Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RENEWED MOTION
TO SET ASIDE, IN PART, THE HON. CHERYL M. POLLAK, U.S.M.J'S
<u>DECEMBER 29, 2025 REPORT & RECOMMENDATION</u>**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiff*
*Iluminada Ortega*

**PRELIMINARY STATEMENT**

Plaintiff ILUMINADA ORTEGA ("Plaintiff"), by her attorneys SAGE LEGAL LLC, respectfully submits this memorandum of law in support of her renewed objections, in part, to the Hon. Cheryl M. Pollak, U.S.MJ.'s ("Judge Pollak") December 29, 2025 Report & Recommendation (the "R&R"), ECF Docket Entry 130.

For the reasons set forth below, the R&R should be modified to award attorneys' fees and costs.

Plaintiff respectfully elects not to renew her request to award $8,150.00 in statutory damages under the New York Wage Theft Prevention Act ("WTPA") and accepts the $7,300.00 as calculated by Judge Pollak in light of this Court's finding in its February 20, 2026 Order that there was no clear error in Judge Pollak's R&R, and because the $850.00 delta does not warrant further review consistent with Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

Plaintiff similarly accepts this Court's decision as to pre-judgment interest in the amount of $1,091.28, and thanks this Court for resolving that issue.

Finally, Plaintiff respectfully submits that because Judge Pollak denied Plaintiff's request for attorneys' fees and costs *without prejudice*, this Court should exercise its discretion to consider the evidence provided by Plaintiff. The reasoning behind the general practice of declining to receive further evidence, which is to discourage parties from withholding evidence in the expectation of using it before the district judge only if they failed to prevail before the magistrate judge on a more abbreviated showing, is not present here, where Plaintiff did not seek to withhold relevant information, and where undersigned counsel stepped in to this case after Plaintiff's predecessor counsel was no longer involved.

2

**LEGAL STANDARD**

A district court has discretion to "receive further evidence" when considering the recommendation of a magistrate judge. See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir.1998); see also 28 U.S.C. § 636(b)(1).

The general practice of district judges to decline to receive further evidence are based on advancing several interests, including discouraging parties from "withhold[ing] evidence ... in the expectation of using it before the district judge only if they failed to prevail before the magistrate judge on a more abbreviated showing," and "reward[ing] careless preparation of the initial papers." See Morris v. Amalgamated Lithographers of Am., Local One, 994 F. Supp. 161, 163 (S.D.N.Y. 1998).

When reviewing a report and recommendation concerning a dispositive motion, the court is generally not precluded from considering additional evidence not submitted by a party to a magistrate judge." See Thai Lao Lignite (Thai.) Co. v. Gov't of the Lao People's Democratic Republic, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citing Fed. R. Civ. P. 72(b) (providing for disposition of dispositive matters by magistrate judges, and stating that the "district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made"); see also Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co., No. 12-CV-1641, 2015 WL 164069, at *7 (D. Conn. Jan. 13, 2015) (noting that district courts have "inherent authority" to consider additional evidence on non-dispositive matters).

For the reasons set fort below, upon review, this Court should modify the R&R to award attorneys' fees in the amount of $18,990.00.

3

**ARGUMENT**

**I.    PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES**

Because Judge Pollak declined to award attorneys' fees due to the lack of certain information, and denied same without prejudice to renew (as this Court later did), this Court should exercise its discretion to consider the evidence presented.  Plaintiff's undersigned counsel took over this file from predecessor counsel and was not as well versed with the record.  The law entitles Plaintiff to an award of attorneys' fees under both the Fair Labor Standards Act and the New York Labor Law, and none of the principles guiding the general practice of not considering new evidence on a Rule 72 motion apply in this case, where the sole remaining Defendant has defaulted.

Furthermore, attorneys' fees are considered an ancillary issue which may also be considered non-dispositive for Rule 72 purposes.  See Kaplan v. Reed Smith LLP, 919 F.3d 154, 157 (2d Cir. 2019) ("Where a district court has original jurisdiction over a civil action, 'it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees'") (quoting In re Austrian & German Bank Holocaust Litig., 317 F.3d 91, 98 (2d Cir. 2003)). "This grant of ancillary jurisdiction empowers the district court to 'take actions necessary to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Id. (quoting Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015)).

The Second Circuit has "held that several non-exhaustive factors can weigh in favor of exercising ancillary jurisdiction[, including]: (1) familiarity with the subject matter of the suit, especially with the amount and quality of work performed by the attorneys; (2) a court's responsibility to protect officers of the court in such matters as fee disputes; (3) the convenience of the parties; and (4) judicial economy." See Levitt v. Brooks, 669 F.3d 100, 104 (2d Cir. 2012) (citing Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc., 863 F.2d 251, 256 (2d Cir. 1988)).

Here, because there are no issues left to decide except attorneys' fees, following the entry of default judgment, this Court should consider the issue of attorneys' fees as ancillary, and – thus – a non-dispositive issue over which this Court may exercise its discretion to consider the additional evidence Judge Pollak herself held was necessary in order to resolve the issue of attorneys' fees, which was only denied without prejudice to renew to provide the very information sought and provided. Indeed, based on the foregoing, this Court is empowered by statutory authority to "accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." See 28 U.S.C. § 636(b)(1).

In light of this additional information, Plaintiff respectfully seeks the lodestar amount of $18,990.00 set forth in the billing records submitted by both her counsel, or alternatively, to recommit the matter to the magistrate judge with instructions.

<strong>CONCLUSION</strong>

For the foregoing reasons, Plaintiff respectfully requests that this Court modify the R&R to award attorneys' fees in the amount of $18,990.00.

Dated: Jamaica, New York
    March 20, 2026                                   Respectfully submitted,

                                                     **SAGE LEGAL LLC**

                                                     _/s/ Emanuel Kataev, Esq._
                                                     Emanuel Kataev, Esq.
                                                     18211 Jamaica Avenue
                                                     Jamaica, NY 11423-2327
                                                     (718) 412-2421 (office)
                                                     (917) 807-7819 (cellular)
                                                     (718) 489-4155 (facsimile)
                                                     emanuel@sagelegal.com

                                                     *Attorneys for Plaintiff*
                                                     *Iluminada Ortega*