**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ILUMINADA ORTEGA,                            :
                                             :        Case No.: 1:21-cv-1125 (HG) (PCG)
              Plaintiff,                      :
                                             :
       v.                                    :
                                             :
CHAMPAGNE ROOM BK, INC d/b/a DRAFT           :
BARN d/b/a END ZONE SPORTS BAR &            :
LOUNGE, RUBEN YEGHOYAN, and SARKIS          :
AVOYANTS,                                    :
                                             :
              Defendants.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X


**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF HER MOTION FOR ATTORNEYS' FEES**


**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanual@sagelegal.com

*Attorneys for Plaintiff*
*Iluminada Ortega*

**PRELIMINARY STATEMENT**

Plaintiff ILUMINADA ORTEGA ("Plaintiff"), by her attorneys SAGE LEGAL LLC, respectfully submits this memorandum of law in support of her motion for attorneys' fees against Defendant Sarkis Avoyants ("Avoyants").

As a prevailing party in this case, Plaintiff is entitled to attorneys' fees.

**PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS**

Rule 54 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provide that a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. See Fed. R. Civ. P. 54(b)(2)(A).

The Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") both contain fee-shifting provisions for actions to recover unpaid wages. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); see also NYLL § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Thus, because the FLSA and NYLL do not require fees to be proven at trial as an element of damages, Plaintiff is entitled to make the instant motion.

Rule 54 provides, further, that any such motion for attorneys' fees must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.  See Fed. R. Civ. P. 54(b)(2)(B).

2

Here, as to the first prong, although default judgment was entered on March 3, 2026 and more than fourteen (14) days have passed since then, this Court issued an Order on April 7, 2026 expressly authorizing this motion.

As to the second prong, the judgment is the March 3, 2026 judgment at ECF Docket Entry 136 and the statute entitling Plaintiff to an award is 29 U.S.C. § 216(b) and NYLL § 663(1).

As to the third prong, the amount sought as further discussed below is $18,990.00.

As to the final prong, the Plaintiff entered into a contingency fee arrangement with her counsel which may be provided to the Court if so Ordered.

As set forth below, Plaintiff incurred costs and attorneys' fees in pursuing this action and seek an award of reasonable attorneys' fees and costs.

Shalom Law, PLLC performed fifty-four (54) hours of work on this matter from May 25, 2021 through March 25, 2024 at the rate of $300.00 per hour for a lodestar of $16,200.00.  See ECF Docket Entry 103-1.  The billing records reflect that only Jonathan Shalom, Esq. worked on the matter with no paralegal performing (or at least billing) for work on the matter.

The background and experience of Mr. Shalom includes his graduation from St. John's University School of Law in or about 2015, and his admission to practice in the State of New York in or about 2016, followed by admission to the United States District Courts for the Southern District of New York and the Eastern District of New York. He founded Shalom Law, PLLC in 2018 and currently primarily focuses his practice on personal injury law.  See ECF Docket Entry 135 ¶ 7.

Prior thereto and as late as January 2025 last year, Mr. Shalom has litigated approximately 390 cases, many of which were employment cases, mostly in the wage-and-hour realm.  See, e.g., Rodea v. New York Diner, Inc., et al.; Case No.: 1:21-cv-217.  See ECF Docket Entry 135 ¶ 8.

3

Mr. Shalom also defended employers in wage-and-hour cases.  See, e.g., Salamanca, et al. v. Sweet Coffee Bakery, Inc., et al.; Case No.: 1:20-cv-6223.  See ECF Docket Entry 135 ¶ 9.

Sage Legal LLC performed 9.3 hours of work on this matter from March 25, 2024 through September 23, 2024 (with all subsequent time excluded) at the rate of $300.00 per hour for a lodestar of $2,790.00.  See ECF Docket Entry 103-2.

The background and experience of Mr. Kataev is as follows: Mr. Kataev graduated from St. John's University School of Law in 2013, and has been admitted to practice in the State of New York since 2013, the State of Connecticut since 2014, and the State of New Jersey since 2021. Mr. Kataev is also admitted to practice law in numerous federal courts, as well as the United States Court of Appeals for the Second Circuit.    See ECF Docket Entry 135 ¶ 11.  Mr. Kataev started his own firm in January 2024 after practicing law since 2013.  Id. ¶ 12.  Mr. Kataev has prosecuted wage-and-hour cases, and has also defended wage-and-hour cases through trial and appeal, since 2013 as an associate at The Boyd Law Group, PLLC, and since 2014 as an associate and, later, partner at Milman Labuda Law Group PLLC.  Id. ¶ 13.

Messrs. Shalom and Kataev each billed their time at $300.00 per hour.  Courts have consistently held that this hourly rate is reasonable for experienced counsel in wage-and-hour matters.  In what has become known as the "forum rule," courts assess the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits. See Kyros L. P.C. v. World Wrestling Ent., Inc., 78 F.4th 532, 547 (2d Cir. 2023) (discussing forum rule (citing Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 172, 175–76 (2d Cir. 2009))); see also Chaparro v. John Varvatos Enters., Inc., No. 21-446, 2021 WL 5121140, at *1-*2 (2d Cir. Nov. 4, 2021) (affirming district court decision on reasonableness of hourly rate in accordance with forum rule).

4

The prevailing rates for experienced attorneys in the Eastern District of New York cases range from approximately $100 to $450, depending on experience level. See Konits v. Karahalis, 409 F. App'x 418, 422–23 (2d Cir. 2011) (noting rates for attorneys in E.D.N.Y. cases ranged from $300–$400 (citing Konits v. Valley Stream Cent. High Sch. Dist., No. 01-CV-6763, 2010 WL 2076949, at *2 (E.D.N.Y. May 19, 2010)); Cao v. Wedding in Paris LLC, 727 F. Supp. 3d 239, 299 (E.D.N.Y. 2024) ("Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." (first quoting Esquivel v. Lima Rest. Corp., No. 20-CV-2914, 2023 WL 6338666, at *17 (E.D.N.Y. Sep. 29, 2023); and then quoting Diaz v. Rene French Cleaners, Inc., No. 20-CV-3848, 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022), report and recommendation adopted, 2022 WL 4662247 (Sep. 30, 2022))); Shuford v. Cardoza, No. 17-CV-6349, 2024 WL 865989, at *3 (E.D.N.Y. Feb. 28, 2024) ("Courts in this [D]istrict have generally awarded fees ... at an hourly rate of $200 to $450 per hour for partners, $200 to $325 for senior associates, and $100 to $200 for junior associates" (citing Crews v. County of Nassau, No. 06-CV-2610, 2019 WL 6894469, at *7 (E.D.N.Y. Dec. 18, 2019))).

In the Eastern District of New York, "senior associates are typically awarded $200 to $325 per hour." See Ally Fin. Inc. v. Comfort Auto Grp. NY LLC, No. 20-CV-1281, 2022 WL 3703955, at *18 (E.D.N.Y. Aug. 26, 2022), report and recommendation adopted, 2022 WL 4813505 (E.D.N.Y. Oct. 3, 2022); Shuford, 2024 WL 865989, at *3.

Because Messrs. Shalom and Kataev are each partners at their respective firms, the $300.00 hourly rate is well within the range permitted given their respective experience and qualifications. Accordingly, this Court should find that the hourly rate is reasonable.

5

In addition, courts typically assess whether the time spent on the matter is reasonable. In reviewing a fee application, courts may review the expenditure of hours submitted by counsel, and adjust to a reasonable amount, as determined in light of the particulars of the case. See Agudath Isr. of Am. v. Hochul, No. 22-38, 2023 WL 2637344, at *2 (2d Cir. Mar. 27, 2023) ("When reviewing a fee application, a district court should 'examine[ ] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case,' and if it 'concludes that any expenditure of time was unreasonable, it should exclude these hours' from the fee calculation'" (alteration in original) (quoting Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997))); Schutter v. Tarena Int'l, Inc., No. 21-CV-3502, 2024 WL 4118465, at *15 (E.D.N.Y. Sep. 9, 2024) ("In determining whether the number of hours worked is reasonable, 'a district court should "examine[ ] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case.'"" (alteration in original) (quoting Chaparro, 2021 WL 5121140, at *2)).

To obtain an award of attorneys' fees, a petitioner must provide contemporaneous time records that support the date work was performed, the nature of the hours expended, and the work done. See Raja v. Burns, 43 F.4th 80, 86–87 (2d Cir. 2022) (explaining that the party seeking attorneys' fees "must prepare and submit to the district court contemporaneous time records of the work performed, specifying the date, the hours expended, and the nature of the work done" (citation and internal quotation marks omitted)); see also Scott v. City of New York, 643 F.3d 56, 57 (2d. Cir. 2011) ("[A] district court's 'personal observation' of an attorney's work is not by itself a sufficient basis for permitting a deviation and awarding fees in the absence of contemporaneous records ...."); Morales v. Fine Design Masonry, Inc., No. 22-CV-5817, 2024 WL 4120403, at *3 (E.D.N.Y. June 25, 2024) (noting that "the party seeking attorney[s'] fees [must] submit sufficient

6

evidence to support the hours worked and the rates claimed" and "must support its application by providing contemporaneous time records that detail for each attorney, the date, the hours expended, and the nature of the work done" (first quoting Maldonado v. Srour, No. 13-CV-5856, 2016 WL 5864587, at *1 (E.D.N.Y. Oct. 6, 2016); and then quoting Torcivia v. Suffolk Cnty., 437 F. Supp. 3d 239, 250-51 (E.D.N.Y. 2020))), report and recommendation adopted, 2024 WL 3716032 (E.D.N.Y. Aug. 7, 2024).

Block billing, "the practice of lumping multiple distinct tasks into a single billing entry — is generally disfavored because it can complicate the district court's task of determining the reasonableness of the billed hours." Raja, 43 F.4th at 87 (citing Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017)); see also Abularach v. High Wing Aviation LLC, No. 22-CV-1266, 2025 WL 405986, at *7–9 (E.D.N.Y. Feb. 5, 2025) (recognizing that while block billing is permissible if the court can meaningfully review the hours, courts may reduce total time when billing includes excessive or administrative work). However, "the practice is by no means prohibited in this Circuit because block billing will not always result in inadequate documentation of an attorney's hours" and is "permissible as long as the district court is still able 'to conduct a meaningful review of the hours' for which counsel seeks reimbursement." Id. (quoting Restivo, 846 F.3d at 591).

"In determining the first component of the lodestar — the number of hours reasonably expended — the district court may exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" See H.C. v. N.Y.C. Dep't of Educ., 71 F.4th 120, 126 (2d Cir. 2023) (quoting Raja, 43 F.4th at 87), cert. denied, 144 S. Ct. 490 (2023). "[T]he district court also 'has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" Id. at 126 (quoting Raja, 43 F.4th at 87).

7

Here, Plaintiff respectfully submits that the hours expended in this case were reasonable, especially given the fact that her attorneys have used billing judgment in not seeking fees beyond September 2024.  Accordingly, this Court should find the hours expended reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion for attorneys' fees against Avoyants and issue a second judgment in favor of Shalom Law, PLLC and Sage Legal LLC.

Dated: Jamaica, New York
      April 20, 2026                Respectfully submitted,

                                  **SAGE LEGAL LLC**

                                  */s/  Emanuel Kataev, Esq.*
                                  Emanuel Kataev, Esq.
                                  18211 Jamaica Avenue
                                  Jamaica, NY 11423-2327
                                  (718) 412-2421 (office)
                                  (917) 807-7819 (cellular)
                                  (718) 489-4155 (facsimile)
                                  emanuel@sagelegal.com

                                  *Attorneys for Plaintiff*
                                  *Iluminada Ortega*