UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ILUMINADA ORTEGA,

              Plaintiff,

    v.

CHAMPAGNE ROOM BK, INC d/b/a
DRAFT BARN d/b/a END ZONE SPORTS
BAR & LOUNGE, RUBEN YEGHOYAN,
and SARKIS AVOYANTS,

              Defendants.

**MEMORANDUM & ORDER**
21-CV-01125 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Before the Court is a motion for attorneys' fees pursuant to Rule 54 of the Federal Rules

of Civil Procedure and the fee-shifting provision of the Fair Labor Standards Act ("FLSA"). *See*

29 U.S.C. § 216(b); ECF No. 140 (Motion for Attorneys' Fees).[1] Specifically, Plaintiff moves

for attorneys' fees in connection with Defendant Sarkis Avoyants' default judgment in the

amount of $18,990.00 based on 54 hours of work by Jonathan Shalom and 9.3 hours of work by

Emanuel Kataev, each at a rate of $300.00 per hour. *See* ECF No. 141 at 3–4 (Memorandum in

Support). For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

On March 2, 2021, Plaintiff commenced this action under Title VII of the Civil Rights

Act of 1964, the New York State Executive Law, and the Administrative Code of the City of

New York, alleging that she was subject to a hostile work environment, sexual harassment,

---

[1]     Unless otherwise indicated, when quoting cases and Plaintiff's papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

discrimination, and retaliation. *See generally* ECF No. 1 (Complaint). In subsequent amended complaints, Plaintiff added Sarkis Avoyants as a defendant, in addition to claims under the FLSA, the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act. *See* ECF No. 57 (Second Amended Complaint); ECF No. 100 (Fourth Amended Complaint). Avoyants, however, failed to appear.[2]

On April 26, 2025, Plaintiff filed a motion for default judgment against Avoyants,[3] and on February 20, 2026, the Court adopted in part and modified in part the Report and Recommendation, ECF No. 130 ("R&R"), issued by the Judge Pollak regarding this motion. *See* February 20, 2026, Text Order. Relevant here, the Court adopted Judge Pollak's recommendation to deny Plaintiff's motion for attorneys' fees, without prejudice, "as Plaintiff did not provide sufficient information for the Court to conduct an adequate lodestar analysis." *Id.* Judge Pollak pointed out that while Plaintiff's counsel cited two docket entries that "seem to contain billing records," *see* ECF Nos. 103-1 (Shalom Law Billing Records), 103-2 (Sage Legal

---

[2]    Avoyants is the only remaining defendant in this case. In her initial complaint, Plaintiff brought claims against six defendants: Dimitri Yagudaev; Ruben Yeghoyan; Yevgeniy Trofimchuk; Champagne Room BK, Inc.; Brooklyn Draft and Grill, Inc.; and Elite Holdings and Management, Inc. *See* ECF No. 1. All six of those defendants have since been dismissed. *See* ECF No. 21 (Stipulation of Dismissal of Yevgeniy Trofimchuk and Brooklyn Draft and Grill, Inc.); ECF No. 24 (Notice of Voluntary Dismissal of Elite Holdings and Management, Inc. and Dimitri Yagudaev); ECF No. 115 (Stipulation of Dismissal of Ruben Yeghoyan and Champagne Room BK, Inc.). Plaintiff added Avoyants to the case in her Second Amended Complaint, which she filed on May 3, 2023.

[3]    This is Plaintiff's second motion for default judgment against Avoyants. Plaintiff filed her first motion for default judgment against Avoyants, ECF No. 76 (First Motion for Default Judgment), on November 6, 2023, but then moved to withdraw the motion, *see* ECF No. 89 (Motion to Withdraw First Motion for Default Judgment), based on a mistake identified in Judge Pollak's April 30, 2024, Order, ECF No. 87 (Apr. 30, 2024, Order). Judge Pollak granted the motion to withdraw without prejudice, *see* ECF No. 93, and Plaintiff proceeded to file her second motion for default judgment against Avoyants, *see* ECF No. 120 (Second Motion for Default Judgment).

Billing Records), the first exhibit has "no indication as [to] which attorney or paralegal performed which of the listed tasks," and "the second exhibit appears to be a subset of the first exhibit, listing only certain entries of work performed by Mr. Kataev," ECF No. 130 at 32. Judge Pollak also explained that Plaintiff's counsel failed to "provide any information regarding the background and experience of the lawyers and/or support staff for which fees are sought." *Id.*

Before the Court is Plaintiff's renewed motion for attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure and Section 216(b) of the FLSA. *See* ECF No. 140. In support of Plaintiff's motion, her counsel, Emauel Kataev, submitted a memorandum of law addressing the deficiencies identified in the R&R. *See* ECF No. 141. The Court finds that, together with the billing records, *see* ECF Nos. 103-1, 103-2, the memorandum provides sufficient information for the Court to conduct a lodestar analysis.

## LEGAL STANDARD

"Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions." *Rodriguez v. MRC Bakery Corp.*, 802 F. Supp. 3d 393, 431 (E.D.N.Y. 2025); *see also* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663. "The district court retains discretion to determine . . . what constitutes a reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "The traditional starting point for determining a reasonable attorneys' fee award is the 'lodestar' amount, which results in a presumptively reasonable fee." *Dunn v. Advanced Credit Recovery, Inc.*, No. 11-cv-4023, 2012 WL 676350, at *5 (S.D.N.Y. Mar. 1, 2012); *see also Millea*, 658 F.3d at 166–67 (explaining that it is legal error to fail to calculate the lodestar "as a starting point").

3

To determine the lodestar amount, the Court must multiply the "number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Moore v. Diversified Collection Servs., Inc.*, No. 07-cv-397, 2013 WL 1622949, at *1 (E.D.N.Y. Mar. 19, 2013), *report and recommendation adopted*, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013). "The method for determining reasonable attorneys' fees in this Circuit is based on several factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation, and ability of the attorney, and awards in similar cases." *Treyger v. First Class Furniture & Rugs Inc.*, No. 21-cv-2902, 2022 WL 543026, at *7 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022).

## **DISCUSSION**

Here, Plaintiff was first represented by Jonathan Shalom, founding partner of Shalom Law, PLLC. *See* ECF No. 141 at 3. Mr. Shalom has been an attorney for approximately 10 years, is admitted to practice in the State of New York, as well as in this District and the Southern District of New York, and has represented both plaintiffs and defendants in approximately 390 cases, many of which were employment cases involving wage-and-hour claims. *See id.* He bills at a rate of $300.00 per hour and spent 54 hours on this case from May 25, 2021, through March 25, 2024, for a total fee of $16,200.00. *See id.*

Plaintiff was also represented by Mr. Kataev, founding partner of Sage Legal LLC. *See id.* at 4. Mr. Kataev has been an attorney for 13 years and is admitted to practice in New York, Connecticut, and New Jersey, as well as in numerous federal district courts and the United States Court of Appeals for the Second Circuit. *See id.* He bills at a rate of $300.00 per hour and spent 9.3 hours on this case from March 25, 2024, through September 23, 2024, for a total fee of $2,790.00. *Id.*

Mr. Kataev submitted billing records and a memorandum in support of the motion for attorneys' fees, which set forth the dates and amount of time during which services were rendered, the rate at which the services were charged, along with the names of the attorneys, descriptions of the services performed, and the attorneys' background and experience.  *See* ECF Nos. 103-1, 103-2, 141.

### I.        Hourly Rates

To determine the reasonableness of the requested hourly rate, courts ask "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008).  "In what has become known as the 'forum rule,' courts assess the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits." *Abularach v. High Wing Aviation LLC*, No. 22-cv-1266, 2025 WL 405986, at *6 (E.D.N.Y. Feb. 5, 2025); *see also Dacas v. Duhaney*, No. 17-cv-3568, 2020 WL 4587343, at *3 (E.D.N.Y. June 18, 2020) ("This rate should be based on rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation."). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Yunganaula v. D.P. Grp. Gen. Contractors/Devs. Inc.*, No. 21-cv-2015, 2023 WL 2707024, at *7 (E.D.N.Y. Mar. 30, 2023); *see also Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022) ("In this district, law firm partners in FLSA cases generally receive between $300 and $450 per hour.") (collecting cases).

Here, Plaintiff requests an hourly rate of $300.00 for both Mr. Shalom and Mr. Kataev. *See* ECF No. 141 at 4.  The Court finds that the requested hourly rate is reasonable because it is

5

at the lower end of the typical range for similarly experienced partners in wage-and-hour cases. *See Yunganaula*, 2023 WL 2707024, at *7; *Quispe*, 583 F. Supp. 3d at 380.

Accordingly, the lodestar amount should be calculated based on the reasonable hourly rate of $300.00 for both Mr. Shalom and Mr. Kataev.

## II.    Hours Billed

Turning to the number of hours billed, Mr. Shalom spent 54 hours on this matter, and Mr. Kataev spent 9.3 hours on the matter.  *See* ECF No. 141 at 3–4.

"For purposes of determining a reasonable fee, the number of hours billed must also be reasonable[.]."  *Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc.*, No. 17-cv-272, 2019 WL 2526087, at *5 (E.D.N.Y. June 19, 2019).  "The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary."  *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 211 (E.D.N.Y. 2019).  "If the Court finds that some of the time the attorney billed was not reasonably necessary, it should reduce the time for which compensation is awarded accordingly."  *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-cv-2180, 2022 WL 1018791, at *14 (E.D.N.Y. Mar. 16, 2022), *report and recommendation adopted*, 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022).

Here, the majority of the recorded hours—50.3 hours, by the Court's count—reflects work performed in connection with Plaintiff's claims against Defendants other than Avoyants.[4] Those hours, therefore, should be excluded from the fee award against Avoyants.  *See Poulos v.*

---

[4]    Notably, the Court has approved Plaintiff's settlement agreement with Defendants Yeghoyan and Champagne Room BK and awarded $6,666.66 in attorneys' fees based on the same billing records as those presented here, ECF Nos. 103-1, 103-2.  *See* ECF No. 106 at 8 (R&R on the Second Motion for Settlement Approval); February 14, 2025, Text Order (Order Adopting R&R).

6

*City of New York*, 2018 WL 3750508, at *11 (S.D.N.Y. July 13, 2018) (After default, "plaintiff's counsel is only entitled to those fees that are reasonably attributable to plaintiffs' claims against [the defaulted defendant]."), *report and recommendation adopted*, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018); *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, 2013 WL 174226, at *9 (S.D.N.Y. Jan. 17, 2013) ("[D]efaulted defendant "is not responsible for fees related to [plaintiff's] claims against other parties."), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013).

The remaining 13 hours, including 7.1 hours billed by Mr. Shalom and 5.9 hours billed by Mr. Kataev, are reasonable with respect to the instant default proceedings and reflect the work necessary to pursue a default judgment, such as reviewing, analyzing, and drafting pleadings and motion papers, and preparing correspondence with the Court.  *See generally* ECF Nos. 103-1, 103-2.  Courts in this Circuit have approved fees where attorneys billed a similar number of hours in FLSA and NYLL default cases.  *See, e.g.*, *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 258 (E.D.N.Y. 2024) (17.1 hours reasonable in FLSA/NYLL default judgment motion); *Leon v. Chen*, No. 16-cv-480, 2017 WL 1184149, at *10 (E.D.N.Y. Mar. 29, 2017) (13.51 hours reasonable in default judgment FLSA case).

Consequently, the total reasonable attorneys' fees award in this case is owed by Avoyants $3,900.00:  $2,130.00 for Mr. Shalom, based on 7.1 hours of service at a $300.00 hourly rate, and $1,770.00 for Mr. Kataev, based on 5.9 hours of service at a $300.00 hourly rate.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion for attorneys' fees, ECF No. 140, and awards Plaintiff $3,900.00 in attorneys' fees as

against Defendant Avoyants.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
July 13, 2026

8